FRANK ZANTZINGER *vs.* F. J. RIBBLE, Assignee in Bankruptcy of JOHN C. DEYERLE.

*Assignee in Bankruptcy—Construction of the Act of Congress, entitled, "An Act to establish a uniform system of Bankruptcy throughout the United States,' approved March 2, 1867.*

A judgment for $103.78, &c., was recovered by a bankrupt prior to his becoming such, on the 8th of July, 1867. The suit in which the judgment was recovered, was commenced on the 18th of September, 1861, on a promissory note, dated 2d of April, 1861, for $153.78. Afterwards, by order of the Court, passed on the 22d of April, 1870, the original judgment was amended and entered for the sum of $153.78, &c. The conveyance of the property of the bankrupt to his assignee, was made on the 15th of June, 1869. In a suit by the assignee of the bankrupt to recover on this judgment, his right to maintain the action was denied upon the ground that the judgment being subsequent in date to the assignment, was not conveyed thereby, but was the property of the bankrupt. HELD:

1st. That the cause of action and the original judgment thereon, being antecedent to the application in bankruptcy, and to the assignment, passed by operation of law to the assignee, subject to the right of the bankrupt to have the judgment altered and corrected.

2d. That the subsequent action of the Court increasing the amount of the judgment, did not in any manner impair the right or obligation of the assignee to sue for and recover the amount as finally ascertained.

The provision of the Act of Congress, establishing a uniform system of bankruptcy, which prescribes that as soon as the assignee is appointed and qualified, the Judge or register shall by an instrument *under his hand,* assign and convey to such assignee all the estate, real and personal, of the bankrupt, is merely directory, and the signature of the Judge is not essential to the assignment, where some equally formal mode has been adopted, sanctioned by the seal of the Court, which imports verity, and gives *authenticity to all the judicial acts* of the Judge.

The right of an assignee of a bankrupt to sue for and recover a debt due the bankrupt prior to his bankruptcy, does not depend upon the instrument of assignment prescribed by the Bankrupt Act; such right is vested in him in virtue of the adjudication of bankruptcy, and his appointment as assignee.

An instrument of writing purporting to assign under the Act of Congress, establishing a uniform system of bankruptcy, all the property of a bankrupt to the assignee therein named, certified by the clerk of the District Court of the United States, for the District of Virginia, under the seal of his Court to be a true copy of the original assignment on file in his office, is admissible in evidence, and sufficient to show the assignee's right to sue in behalf of the bankrupt's estate.

APPEAL from the Superior Court of Baltimore City.

The case is fully stated in the opinion of the Court.

The cause was submitted on briefs to BARTOL, C. J., BOWIE, GRASON, MILLER and ALVEY, J.

*J. A. L. McClure*, for the appellant.

*Skipwith Wilmer*, for the appellee.

BOWIE, J., delivered the opinion of the Court.

The appellee, *as assignee of J. C. Deyerle*, a bankrupt, sued the appellant on the 1st of March, 1870, in the Superior Court of Baltimore, in an action of debt, on two judgments of the Circuit Court of the city of Norfolk, Virginia, which were set out originally in two counts; the first declaring on a judgment obtained by the bankrupt before his application, viz: on the 8th of July, 1867, against the defendant for $153, and $2.67 charges of protest, with interest and costs.

The second, declaring on a judgment obtained by the bankrupt, before he became bankrupt, in said Court, on the 8th of July, 1867, for $242.85 damages, with interest and costs.

By leave of the Court, the *nar.* was afterwards amended by adding a third count, declaring on a judgment of said Court, obtained by the bankrupt (before he became such,) on the 22d of April, 1870, for the sum of $153, and $2.67 charges of protest, with interest and costs.

The appellant filed six pleas, (the second and fourth of which were withdrawn,) leaving the following on which issues were joined:

3          **v. 36**

1st. *Nul tiel* record. 3d. That the alleged judgments were illegally obtained. 5th. That the defendant paid the said Deyerle before he became bankrupt, the full amounts of said judgments and costs. 6th. That after the recovery of the said alleged judgments and before the institution of this suit, the said Deyerle, before he became bankrupt, released to the defendant the amount alleged to have been recovered in said judgments.

The appellee offered in evidence transcripts of records of the Circuit Court for Norfolk city, Va., duly authenticated as described in the second and third counts.

The record offered under the third count showing a judgment entered originally on the 8th of July, 1867, for $103, and $2.67 charges of protest, etc., and afterwards by order of Court on the 22d of April, 1870, amended and entered for the sum of $153.78, and $2.67 charges of protest, interest and costs.

The appellee then further to maintain the issue upon his part, and to prove that the estate of said J. C. Deyerle, real and personal, had been legally assigned to him as assignee in bankruptcy, offered in evidence the following paper writing:

"In the District Court of the United States,
                    "For the District of Virginia,

"*In the matter of J. C. Deyerle, Bankrupt,*  }  *In Bankruptcy.*
    *District of Virginia, ss.*                }

"Know all men by these presents, that F. J. Ribble of the —— of ——, in the county of Roanoke and State of Virginia, in said District, has been duly appointed assignee in said matter.

"Now therefore, I, John C. Underwood, Judge of said District, by virtue of the authority vested in me by the 14th section of the Act of Congress, entitled 'An Act to establish a

uniform system of Bankruptcy throughout the United States, approved March 2d, 1867,' do hereby convey and assign to the said F. J. Ribble, assignee as aforesaid, all the estate real and personal, of the said J. C. Deyerle, bankrupt aforesaid, including all the property of whatever kind of which he is possessed, or in which he was interested or entitled to have on the 31st of December, 1868, with all his deeds, books, and papers relating thereto, excepting such property as is exempted from the operation of this assignment by the provisions of the 14th section of said Act."

"To have and to hold all the foregoing premises to the said F. J. Ribble, and his heirs forever; in trust nevertheless, for the use and purposes, with the powers and subject to the conditions and limitations set forth in said Act.

Witness, the Honorable JOHN C. UNDERWOOD, Judge of the said Court, and seal thereof, at Richmond, Virginia, on the 15th day of June, A. D., 1869.

[SEAL]

> "E. J. UNDERWOOD,
> *Clerk of District Court for said District."*

"OFFICE U. S. DISTRICT COURT,
"DISTRICT OF VIRGINIA.

"I, Edward J. Underwood, Clerk of the U. S. District Court for the District of Virginia, do hereby certify that the within is a true and correct copy of the original assignment *not* on file in this office.

[SEAL]

"Given under my hand and seal of the Court, this 19th day of October, A. D., 1869.

> "ED. J. UNDERWOOD, *Dist. Clerk."*

The defendant objected to the admissibility and competency in evidence of the said paper for said purpose, and to its being read to the jury; but the Court overruled the objection, and permitted it to be read to the jury as evidence for the purpose aforesaid, whereupon the defendant excepted.

The appellant's counsel in his brief, contends that the evidence being offered for the purpose of maintaining the issue generally on the part of the plaintiff and to prove the assignment, it should have been rejected if inadmissible for either purpose, and insists it was not admissible generally on the third count, because the assignment if valid as such, was prior to the date of the judgment as described in the third count, the former being made on the 15th of June, 1869, and the judgment on the 22d of April, 1870, the latter being subsequent, was not conveyed by the assignment, but was the property of Deyerle.

The transcript of the record shows that the suit in which the judgment was entered, was commenced on the 18th of Sept., 1861, on a promissory note of the appellant to the bankrupt, dated the 2d of April, 1861, for $153.78, on which the original judgment for $103.78, was entered on the 8th of July, 1867, and afterwards by order of the Court, passed the 22d of April, 1870, the judgment was amended and entered for the sum of $153.78, etc.

The cause of action and original judgment were clearly antecedent to the application in bankruptcy and assignment, and as such passed by operation of law to the assignee, subject to all the rights of the bankrupt to have it altered and corrected.

The subsequent action of the Court increasing the amount of the judgment, did not in any manner impair the right or obligation of the assignee to sue for and recover the amount as finally ascertained. The second point of objection, that the paper excepted to was not admissible as evidence, because the 14th section of the Bankrupt Law, requires the judge or register " by an instrument under his hand " to convey, etc., is not in our opinion more tenable than the first. Although the Act of Congress prescribes that as soon as the assignee is appointed and qualified, the judge or register shall by an instrument *under his hand* assign and convey to the assignee all the estate, real and personal, of the bankrupt, yet this

provision must be regarded as directory and not essential to the assignment, where some equally formal mode has been adopted, sanctioned by the seal of the Court, which imports verity, and gives authenticity to all the judicial acts of the judge.

The right of the appellee to maintain his action, did not depend on the instrument of assignment. The bankrupt Act expressly enacts that all *choses in action,* all debts due the bankrupt, all causes of action " with like right, title, power and authority to sell, manage, dispose of, sue for, and recover the same as the bankrupt might or could have had, if no assignment had been made, *shall in virtue of the adjudication of bankruptcy and the appointment of his assignee be at once vested* in such assignee." *Bankrupt Law,* sec. 14, *Bump's Law and Practice of Bankruptcy,* 37.

It is also enacted that " in suits prosecuted by the assignee, a certified copy of the assignment made to him by the judge or register, shall be conclusive evidence of his authority to sue." *Bankrupt Act,* sec. 16, *Bump's Law and Practice of Bankruptcy,* 42.

The instrument of the assignment offered in evidence, being certified by the Clerk of the District Court, under the seal of his Court, to be a true copy of the original assignment on file in his office, the same is sufficient to show the assignee's right to sue. Independently of these provisions, the right of the assignee to sue was not put in issue by any of the pleas, but on the contrary the bankruptcy was expressly admitted, and it was not incumbent upon the plaintiff to prove the assignment, so that the admission of the paper, if erroneous, did not injure the appellant. The judgment below is therefore affirmed.

*Judgment affirmed.*

(Decided 10th May, 1872.)