## No. 6793.

I. J. WOOLDRIDGE, ASSIGNEE, VS. F. RICKERT & CO. AND EUGENE WAGGA-
MAN, SHERIFF.

An application for continuance in the District Court, on the ground that the leading Counsel
is a member of the Legislature in session, being refused and no bill of exceptions being
taken to the ruling, this Court will consider said application waived and will not notice
it.

Under the Bankrupt law of the United States, a duly certified copy of the Assignment is
conclusive evidence of the title of the assignee, and of his authority to sue, without his
having to prove the various steps in the bankruptcy proceedings.

Such assignee has the right to sue in the State Courts.

The adjudication in bankruptcy dissolves attachments of the bankrupt's property taken
within four months.

APPEAL from the Fourth District Court, parish of Orleans. *Houston,*
J.

### *Breaux & Hall* for Plaintiff and Appellee:

First—An adjudication in bankruptcy dissolves attachments of the debtor's property made
within four months, and vests the property in the assignee. U. S. Rev. Stat. Sec. 5044;
Bump, pp. 473, 495, 497, 130, 131, 202, 502.

Second—A copy duly certified of the assignment is *conclusive* evidence of the assignee's right
to sue. U. S. Rev. Stat. 5049 ; Bump, pp. 537, 538.

Third—The assignee may sue in the State Courts. Bump, pp. 324, 364, 715 ; 93 U. S. 130.

Fourth—Bankruptcy, to prevail as a defense, must be pleaded. Bump, pp. 747, 748 ; 26 An.
41 ; 29 An. 17, 720 ; 31 An. 583,

Fifth—Plea cannot be originally urged in the Supreme Court. 29 An. 17.

### *James H. Grover* for Defendants and Appellants:

First—Are the acts of a Register in bankruptcy valid as against non-resident creditors,
without being subsequently confirmed by the judge, especially when he assumes judicial
functions?

Second—The fact of leading counsel, engaged in the Legislature, a good ground of continu-
ance.

Third—A party claiming the possession of funds, or the return of funds, to the assignee,
twelve months after an attachment, where a bond has been given, cannot be condemned
to return the same to the active mass of the bankrupt's estate, especially when the at-
taching creditor has also gone into bankruptcy, and has procured his discharge, and
when the assignee has failed to appear and prove up his claim. *Vide* case of Wolf vs.
Stix, 9 Otto, p. 1 ; Stewart vs. Platt, 11 Otto, p. 731.

The opinion of the Court was delivered by

LEVY, J. Plaintiff, appellee herein, brought suit in the Fourth Dis-
trict Court, parish of Orleans, to recover from defendants, appellants,
the sum of eleven hundred and twenty-five dollars and sixty cents,
being an amount which had been received by defendants from the
Teutonia Insurance Company, under process of garnishment in an at-
tachment suit of Rickert & Co. vs. Howard & Patterson, absent and
non-residents defendants therein. Howard & Patterson, the defendants

in the attachment suit, were adjudged bankrupts by the U. S. District Court of Texas, and the attachment and garnishment thereunder were served within four months of the adjudication in bankruptcy, and the judgment in the attachment suit was rendered two months thereafter, and on *fi. fa.* issued on said judgment, this sum of $1125 60 was collected from the garnishee and paid over to the attaching creditor.   The plaintiff, assignee in bankruptcy of Howard and Patterson, alleges that all the property, real and personal, of the said bankrupts, was duly conveyed to him as assignee in conformity with the provisions of the bankrupt law; that at the time of the adjudication in bankruptcy, viz, April 19th, 1875, there was due to said Howard & Patterson, by the Teutonia Insurance Company, in New Orleans, the sum of $3000, and that the effect of said adjudication was to vest, instantly, said amount in him as assignee.   That prior to said adjudication, but within less than four months before the same, viz., on or about the 19th January, 1875, said Rickert & Co. caused said fund, to the extent of $1125 60, to be attached, and that said sum was held by the defendants herein by virtue of said attachment on the 19th April, 1875, the time of said adjudication; that notwithstanding said adjudication and assignment, Rickert & Co. continued to prosecute their suit in the Sixth District Court to judgment, which was signed on the 16th of June, 1875, and thereafter executed the same in violation of the provisions of an Act of Congress, entitled "An Act to establish a uniform system of bankruptcy in the United States," approved March 2d, 1867, and the amendments thereto.

That subsequent to said adjudication, the legal effect of which was to immediately dissolve said attachment and to make the civil sheriff, having the control of the funds seized, the simple bailee of the assignee, the said sheriff illegally, and in violation of the law as above, and of the rights of the creditors of said bankrupts, and without the consent or authorization of the said assignee, paid to said Rickert & Co., who illegally received and retained the said sum of $1125 60, which sum said assignee is entitled to recover.   He prayed for judgment *in solido* against the defendants for said sum, with legal interest from 19th April, 1875.

(Plaintiff in his brief states that he has abandoned this suit as against Waggaman, sheriff).

The defendants excepted to plaintiff's action, on the grounds: that the plaintiff had not been regularly appointed assignee of the bankrupts; that the Court is without jurisdiction to entertain this action in behalf of assignee appointed in the courts of any other State, and because the assignee had never been duly authorized in the Court in which said bankruptcy proceedings are pending to institute this action.   On trial of this exception a duly certified copy of the order appointing I. J.

Wooldridge assignee being filed in evidence, the exception was dismissed. In their answer. the defendants made a general denial, and specially denied the authority of the assignee, and that he had been legally appointed such. Defendants, by counsel, moved for a continuance of the case, when called for trial, on the ground that their leading counsel was a member of the Legislature, and unable to be present at the trial. This motion was overruled. No evidence was introduced to show that the absent counsel was the leading counsel. They also filed a peremptory exception of no cause of action. There was judgment as prayed for against the defendants Rickert & Co. and the individual members of said firm *in solido,* as prayed for in the petition, and overruling the exception of no cause of action, and Rickert & Co. appealed.

While the absence of leading counsel is, under the Act of the General Assembly, approved January 29th, 1858, a peremptory cause for continuance where such counsel may be absent in attendance on the session of the Legislature, and although the motion made by defendants for a continuance on these grounds was overruled, and the trial of the case proceeded with, the record contains no bill of exceptions taken to this ruling, and we cannot notice it. The fact appears that other counsel of the defendant being present, the trial by jury, which had been prayed for, was waived, and by consent the trial of the case was proceeded with. While the *cause* of continuance is peremptory, it may be waived, and in this case the consent to proceed with the trial, without filing a bill of exceptions, was a clear and unambiguous waiver and submission by the defendants.

We think the court *a qua* was correct in its rulings on the exceptions of defendants.

1st. Section 5049 of the bankrupt law of 1867 declares: "A copy, duly certified by the clerk of the court, under the seal thereof, of the assignment, shall be conclusive evidence of the title of the assignee to take, hold, sue for and recover the property of the bankrupt."

"A copy of an assignment, under the seal of the court, if duly certified, is sufficient to show the assignee's right to sue, although the original assignment is not signed either by the judge or the register." Bump on Bankruptcy, p. 487; 4 B. R. 724: 36 Md. 32; 16 Minn. 68.

2d. "An assignee under the bankrupt law of the United States may sue in his own name in the State courts to enforce the rights of property vested in him by the assignment in bankruptcy, and the Courts of the United States have not exclusive jurisdiction of such actions." Bump, p. 308; U. S. Bankrupt law, § 4972; 101 Mass. 109; 2 Dillon, 504.

3d. "In a suit instituted by the assignee it is not necessary to prove all the steps in the proceedings in bankruptcy, for copy of the assignment is conclusive evidence of the assignee's title." Bump, 483.

The exception of no cause of action was properly overruled. Section 5044 of the Bankrupt Act of 1867 provides: "The Register shall, by an instrument under his hand, assign and convey to the assignee all the estate, real and personal, of the bankrupt, with all his deeds, books, and papers relating thereto, and such assignment shall relate back to the commencement of the proceedings in bankruptcy, and by operation of law shall vest the title to all such property, real and personal, in the assignee, although the same is then attached on mesne process as the property of the debtor, and shall dissolve any such attachment made within four months next preceding the commencement of the bankruptcy proceedings."

"If judgment is entered in the attachment suit, even after the commencement of proceedings in bankruptcy, the subsequent discharge of the defendant will not relieve the receiptor from liability." Bump, 8th ed., 499, 807, 824, 502, 469, 824, 823, 828.

The provisions of the law are fully applicable to this case, and the record discloses that the facts herein bring it strictly within the law, and the liability of the defendants are fixed as claimed by plaintiff.

The judgment of the lower court is affirmed with costs.

Justice Fenner recuses himself in this case, having been of counsel.