JOHN HENNESSY v. ST. PAUL CITY RAILWAY COMPANY.[1]

June 4, 1896.

Nos. 9973—(226).

**Accord and Satisfaction—Evidence.**

> Evidence considered, and *held* that it justifies the finding and conclusion of the trial court to the effect that there was never any accord and satisfaction between the parties hereto as to the claim of the defendant against the plaintiff for damages to its property, the amount of which it assumed to deduct from his pay.

Appeal by defendant from an order of the municipal court of St. Paul, Twohy, J., denying a motion for a new trial. Affirmed.

*Munn, Boyesen & Thygeson,* for appellant.

Plaintiff having executed the instrument with full opportunities to examine its contents, was bound by it. Albrecht v. Milwaukee & S. Ry. Co., 87 Wis. 105, 58 N. W. 72; Dorwin v. Westbrook, 86 Hun, 363, 33 N. Y. Supp. 449; Fuller v. Kemp, 138 N. Y. 231, 33 N. E. 1034; Brown v. Symes, 83 Hun, 159, 31 N. Y. Supp. 629; Hinkle v. Minneapolis & St. L. Ry. Co., 31 Minn. 434, 18 N. W. 275; Webb v. Lees, 149 Pa. St. 13, 24 Atl. 169; Filler v. Tyler, 91 Va. 458, 22 S. E. 235; Riley v. Mayor of New York, 96 N. Y. 331; Jenkins v. Clyde Coal Co., 82 Iowa, 618, 48 N. W. 970; Ashley v. Hendee, 56 Vt. 209; Burns v. Walsh, 10 Misc. Rep. 699, 31 N. Y. Supp. 788.

Having accepted the amount tendered, plaintiff must be deemed to have accepted it on the terms and conditions offered, namely as

[1] Reported in 67 N. W. 635.

complete settlement for every month during which the deductions were made. Truax v. Miller, 48 Minn. 62, 50 N. W. 935; Gall v. Dickey, 91 Iowa, 126, 58 N. W. 1075; Perkins v. Headley, 49 Mo. App. 556; Lister's A. C. Works v. Pender, 74 Md. 15, 21 Atl. 686; Maack v. Schneider, 51 Mo. App. 92; Slade v. Swedeburg E. Co., 39 Neb. 600, 58 N. W. 191; Fuller v. Kemp, supra; Brick v. Plymouth County, 63 Iowa, 462, 19 N. W. 304; Donohue v. Woodbury, 6 Cush. 148; Looby v. Village of West Troy, 24 Hun, 78; Hills v. Sommer, 53 Hun, 392, 6 N. Y. Supp. 469; Boston Rubber Co. v. Peerless Wringer Co., 58 Vt. 551, 5 Atl. 407; Sanford v. Abrams, 24 Fla. 181, 2 South. 373.

It was error to admit testimony to vary the terms of the instrument. The instrument was a contract. Cummings v. Baars, 36 Minn. 350, 31 N. W. 449; Sencerbox v. McGrade, 6 Minn. 334 (484); Wykoff v. Irvine, 6 Minn. 344 (496); Morris v. St. Paul & C. Ry. Co., 19 Minn. 459 (528); Kellogg v. Richards, 14 Wend. 116; Coon v. Knap, 8 N. Y. 402.

*R. A. Walsh*, for respondent.

It may be proved that a writing is without consideration, whether it be a receipt, release or contract. Bishop, Cont. § 75; Coon v. Knap, 8 N. Y. 402; Kumler v. Ferguson, 7 Minn. 351 (442); Gibson v. Pelkie, 37 Mich. 380; Hopkins v. Hinkley, 61 Md. 584; State v. Illyes, 87 Ind. 405; Chapman v. City of Brooklyn, 40 N. Y. 372; Houston v. Shindler, 11 Barb. 36; Kellogg v. Richards, 14 Wend. 116. There was no consideration. Bell v. Gardiner, 4 Man. & G. 11; Southall v. Rigg, 11 C. B. 481; Forman v. Wright, ibid; Bullene v. Blain, 6 Biss. 22, Fed. Cas. No. 2,124. There must be an actual and bona fide dispute between the parties and they must agree to bring the case within the rule of disputed claims. Marion v. Heimbach, 62 Minn. 214, 64 N. W. 386; Price v. Treat, 29 Neb. 536, 45 N. W. 790; Truax v. Miller, 48 Minn. 62, 50 N. W. 935; Hammond v. Christie, 5 Robt. (N. Y.) 160.

START, C. J. This is an action to recover a balance of $23.75, which the plaintiff claims is due to him from the defendant for services rendered between January 1 and May 1, 1893. The defense is payment.

The trial court found the following facts: "The plaintiff was employed by the defendant in the operation of its lines of railway in the said city of St. Paul during part of the year 1892, all of the year 1893, and part of the year 1894, at an agreed price per day. That during said time certain of the machinery and appliances of the defendant, used by the plaintiff, were damaged, but without fault upon his part. That on account of the injury to said property the defendant withheld of the plaintiff's wages the following sums, viz.: In January, 1893, $2.50; in May, 1893, $5; in April, 1893, $5; in March, 1893, $10; in January, 1894, $1.25,—but without consulting the plaintiff, or obtaining his consent thereto. That plaintiff signed, with others, a pay roll of the defendant, during each of said months, of which the following is a copy: 'We, the undersigned, hereby acknowledge to have received of the Twin City Rapid Transit Co. the amount set opposite our names, in full of all wages due for half month ending January 31, 1893; and we do severally assent to all deductions herein made from our check by said company for damage to its property.' That the plaintiff did not read or know the contents of said receipt, nor was the same called to his attention by any of the officers or agents of said company, when he signed it. That the plaintiff did not demand said sums so withheld during the time he was employed by defendant, being in fear of being discharged if he did so." As a conclusion of law, the court found that the payments made by defendant discharged its debt to the plaintiff pro tanto only, and ordered judgment accordingly. From an order denying its motion for a new trial, the defendant appealed.

The claim of the defendant is that the undisputed evidence and findings of fact show a contract of accord and satisfaction between the parties, as to its claims against the plaintiff for damages which it deducted from his wages. Accord and satisfaction is the discharge of a contract, or cause of action, or disputed claim, arising either in contract or tort, by the substitution of an agreement between the parties in satisfaction of such contract, cause of action, or disputed claim, and the execution of that agreement. Like any other agreement, there must be an assent to, and a meeting of the minds of both parties upon, the terms of the new agreement.

In this case, as appears from the uncontradicted evidence, there never were any negotiations between the parties in relation to any

claim of the defendant against the plaintiff. The defendant arbitrarily, and without consulting the plaintiff, assumed to deduct certain sums from his wages. It placed this general stereotyped heading at the top of the pay roll, and then, opposite the plaintiff's name, below, and half-way down the sheet, it placed the balance, after making the arbitrary deductions, and afterwards, without calling his attention to the heading, or attempting to ascertain whether he agreed to the deductions as an accord, it presented him a check for the balance of his wages, and at the same time presented the pay roll for his signature opposite his name. He signed and accepted the check without saying a word,—without having read, and without knowing the contents of, the heading. The parties understood each other just this far: He knows why the defendant is withholding the amount from his wages. The defendant knows or supposes that he knows this fact, and assumes, as we must presume, that in view of his position he will not make any positive objection; but whether he will assent to this as accord and satisfaction of its claim against him, about which he has never been consulted, it takes no means to ascertain, but attempts to foist this heading of the pay roll upon him as an agreement to that effect, without ever having called his attention to it. Upon this state of the evidence, we are of the opinion that the trial court was justified in finding that there never was any accord between the parties as to the defendant's claims.

Order affirmed.