WILLIAM JORDAN v. GREAT NORTHERN RAILWAY COMPANY.[1]

July 10, 1900.

Nos. 12,115—(182).

**Accord and Satisfaction—Payment Monthly.**

Plaintiff entered the employment of defendant in 1891 at the agreed compensation of $50 per month. He alleges in his complaint that it was agreed between the parties that he should receive extra compensation for all time worked by him over and above ten hours a day; that during the years 1895, 1896, 1897, and 1898, he worked in excess of such ten hours a day an aggregate of 1,180 hours. During all of said time defendant paid him regularly at the end of each month the sum of $50, in full for all work performed at the time of each payment, and plaintiff accepted and received the same accordingly; in each instance giving a receipt which purported to be in full for all demands. He never presented to defendant a specific claim for extra time until after his term of service ceased and ended, nor did he ever object to receiving the monthly payment of $50 on the ground or claim that it was not all that was due him. He made no attempt on the trial to explain the receipts signed by him. *Held*, that the several monthly payments so made and receipted for constituted an accord and satisfaction.

Action in the municipal court of Minneapolis to recover $230 for work and labor. The case was tried before Kerr, J., who directed a verdict in favor of defendant. From an order denying a motion for a new trial, plaintiff appealed. Affirmed.

*Everett Moon*, for appellant.

*W. E. Dodge, Rome G. Brown* and *Charles S. Albert*, for respondent.

BROWN, J.

This action is one to recover a balance claimed to be due for work and labor performed by plaintiff for defendant between the years 1891 and 1898. The defendant pleads in defense an accord and satisfaction. The court below directed a verdict for defendant, and plaintiff appeals from an order denying a new trial.

It is alleged in the complaint that in the year 1891 plaintiff and defendant entered into a contract and agreement by the terms of which plaintiff entered defendant's employ at the agreed compensa-

[1] Reported in 83 N. W. 391.

tion of $50 per month; that it was understood and agreed that plaintiff should be required to work under such employment but ten hours a day, and that, for all time actually employed over and above such ten hours, defendant agreed to pay him at the same rate as for his monthly wages; that during the years 1895, 1896, 1897, and 1898 he worked for defendant "overtime," and in excess of ten hours a day, an aggregate of 1,180 hours, for which he has never been paid. Plaintiff also pleads the statutes of the state fixing ten hours as a day's labor, but, as he does not rely thereon for a recovery, no further reference will be made to the subject.

The evidence tending to prove the allegations of the complaint with reference to the agreement as to overtime is not very satisfactory. But, conceding it to be sufficient to justify submitting the question to the jury, we are clear that the defense of accord and satisfaction is fully made out, and it was not error in the court below to direct a verdict for defendant. We will therefore turn our attention to the latter question.

According to plaintiff's contention, his overtime work began in August, 1895, and continued during the next three years. It does not appear that he ever made any definite and specific claim for extra work until after he was discharged, and defendant never paid him for any. He claims that he bargained for the extra compensation in August, 1895; but, notwithstanding the fact that he received no pay therefor, he made no complaint about it until October, 1896, when he asked his foreman what he (the foreman) intended to do about the overtime, and he says the foreman told him to keep quiet about it, and he would see that he was paid for all extra work. Still no extra compensation came, and plaintiff permitted the matter to rest, without complaint or suggestion that anything was due him for extra work, for two years, and until August, 1898, when he was discharged from defendant's service. During all this time plaintiff was paid regularly the agreed compensation of $50 per month, in the form of a check reciting and stating that it was in full for all compensation due him at the date of payment, which plaintiff receipted. He never objected to such payment, nor claimed to the officer who paid him that he was entitled to any further sums or amount for extra work. He accepted and received over forty

such payments, and not until his term of service ended did he present or make the claim he now insists upon for extra time. There is no suggestion of fraud or mistake. Plaintiff well understood that the monthly payments made to him were intended by the defendant as in full for all his services to the date of such payment, and he accepted and received them without objection or intimation that more was due. He understood that his co-employees were not receiving pay for extra time, and must have known, from all the circumstances, that defendant did not consider itself liable therefor.

Under these facts and relations, continuing for so long a time, it seems clear to us that but one conclusion can be justly reached, and that is that the evidence shows a full and complete accord and satisfaction. It is true that a mere receipt for money, which by its terms purports to be in full of all claims and demands, is not conclusive, and is open to explanation or impeachment; but the plaintiff in this case made no sufficient explanation. Indeed, the only evidence offered by him to defeat the effect of the receipts is that which tends to show that he in fact held a claim for extra time, but which he failed to specifically claim until after he was discharged.

The case of Hennessy v. St. Paul City Ry. Co., 65 Minn. 13, 67 N. W. 635, is not in point. The plaintiff there made an explanation, and offered an excuse for not insisting upon his right. The court found that he did not demand the money due him for fear that he would be discharged. But that was not a case where any claim was made for extra compensation. The defendant there deliberately deducted a portion of plaintiff's wages, on the claim that he was indebted to it for a careless injury to some of its property. And, besides, the court further found that the plaintiff therein did not know the contents of the pay roll signed by him, which purported to be a receipt in full. Such facts are not presented in this case. The other cases cited by appellant are clearly distinguishable. While the effect of a "receipt in full payment" was under consideration in most of them, in not one of them were the facts at all similar to those shown in this case.

Ennis v. Pullman, 165 Ill. 161, 46 N. E. 439, is squarely in point. In that case the plaintiff received a monthly salary, and gave a

"receipt in full," similar to the one given by plaintiff in this case, for each payment. Unlike this case, some evidence was there given for the purpose of impeaching or explaining the receipts; but the court held it insufficient, and that the receipts were conclusive. No explanation was offered in this case, and we are unable to discover any reason for disturbing the order appealed from. As our conclusion on this branch of the case finally disposes of the action, no other questions need be considered. Order affirmed.