Edward G. Rogers, Assignee, &c

*vs.*

Donald Stevenson, Impleaded, &c.

A bought goods of B, on sixty days, C, to give A credit, promising verbally that if A did not pay for them, he would. The goods were delivered on the faith of this promise. A made default. Afterwards C, at B's request and to secure him, endorsed an unsigned note drawn for the amount due, payable sixty days thereafter to C, or order, and delivered it to B, with the understanding that B should procure A to sign it, which he did. *Held*, that C was liable thereon, as indorser.

In an action against C, as such, plaintiff read in evidence at the trial a duly certified copy of the assignment in bankruptcy to him, as B's assignee. *Held*, that no other evidence was required of plaintiff's acceptance, or that he had given notice of his appointment.

His title being derived from the assignment, not from such copy, it is no objection to his right to sue, or the admissibility of such copy as evidence, that it was procured during the trial.

The notary's record of protest did not show pre-payment of postage upon the notices of demand and protest. *Held*, that it might be proved *aliunde*.

This action was brought by the assignee of one Hills, a bankrupt, upon a promissory note made by one Stone to the order of defendant Stevenson, and by him indorsed. Stone made default, and Stevenson defended on the ground that the note was indorsed by him without consideration moving to him, and before the same was signed by the maker.

The facts attending the giving of the note were as follows: In December, 1867, Hills sold to Stone a bill of

Rogers v. Stevenson.

goods, upon the faith of a verbal promise by Stevenson that he would pay for the goods if Stone did not. In April, 1868, the goods not having been paid for, Stevenson, at the request of Hills, and to secure the amount due to Hills from Stone upon the sale, agreed to indorse Stone's note for that amount. The note in suit was accordingly drawn up by Hills, and indorsed in blank by Stevenson. Hills then sent the note so indorsed to Stone, who signed it, and returned it to Hills, some three weeks afterward. The note was dated April 8th, 1868, and payable sixty days thereafter.

Upon a trial by jury in the district court for Ramsey county, the plaintiff called the notary who protested the note, to prove by his parol testimony that the notice of protest sent to Stevenson was mailed postage paid. The testimony was admitted under objection of the defendant that the fact could only be proved by the notary's record, and the defendant duly excepted.

Objection was made to the capacity of the plaintiff to sue, and to the evidence offered by him to prove his title as assignee, which objections were overruled and exceptions taken. These exceptions, and other exceptions taken to the charge of the court, are fully stated in the opinion.

The jury found for the plaintiff, whereupon the defendant moved for a new trial, on the ground that errors of law had occurred at the trial, which had been duly excepted to, and on the further ground that the verdict was contrary to the evidence and to the instructions of the court.

The motion was denied and the defendant appeals to this court from the order denying such motion.

Wm. J. Parsons and W. A. Gorman, for Appellant.

Rogers & Rogers, for Respondent.

Rogers v. Stevenson.

*By the Court*—Ripley, Ch. J.—In this action, brought by the assignee in bankruptcy of one Hills against the maker and the indorser of a negotiable promissory note, the latter, who defends this suit, contend sthat the plaintiff cannot recover without record proof of his acceptance in writing of his appointment, and of notice of such appointment, in some newspaper published in St. Paul, and of the recording of said appointment in the registry of deeds for Ramsey county.

But no provision of law is referred to, which requires the record to be kept by which it is insisted that such acceptance must be proved, nor any order of the district court designating any St. Paul newspaper for the publication of such notice ; nor is it shown that the bankrupt owned land in Ramsey county; (*Bankrupt Act, Sec.* 14;) the defendant, therefore, did not lay the necessary foundation for his objections. The further, and in any case sufficient answer, however, is, that a duly certified copy of the assignment to the plaintiff, was in evidence, which, by *Sec.* 14, aforesaid, is made conclusive evidence of his title as such assignee, to take, hold, sue for and recover the property of the bankrupt ; and, by *Sec.* 16, conclusive evidence of his authority to sue, in all suits prosecuted by him as assignee. At the trial, the assignee produced a copy of the assignment, not certified by the clerk of the U. S. district court, as by *Sec.* 14 is required ; which being objected to, he procured it to be so certified and it was read in evidence, the defendant objecting, first : that the assignee must have procured such certified copy before he could bring suit; as to which the answer is obvious, that his title to the bankrupt's estate, and right to sue therefor, is derived from the assignment, not the copy, which is made evidence thereof in all suits; *Sec.* 14.

The same consideration disposes of the further objection,

that, as the complaint sets out the assignment, and has not been amended, and the plaintiff had not procured a duly certified copy before the trial commenced, he could not, during the trial, procure and read in evidence such duly certified copy, without amending his complaint. The complaint states that the register executed and delivered to the plaintiff, an assignment, in due form of law, "which, or a certified copy thereof, is ready to be produced as the court shall direct." This requires no amendment before producing a duly certified copy.

The court refused to charge the jury, at the request of the defendant, "that it is a question of fact whether the notice of protest of said note was put in the post-office and the postage paid at the time; and that said fact of pre-payment of postage must appear in the record of the protest and notice;" but instructed them "that the proposition was true as to the question of fact," but held "that it was not necessary to a recovery by the plaintiff, that the fact of the pre-payment of the postage appear of record;" to which ruling the defendant Stevenson excepted. The ruling was correct. Stevenson's liability as indorser depended upon his having been duly charged as such, not upon the fullness or correctness of the record kept by the notary of his doings in that behalf. The statute of 1868, *Ch.* 44, *Sec.* 1, in making his record *prima facie* evidence of his acts, neither purports to have nor has the effect to render inadmissible any other evidence thereof otherwise competent. It simply makes that presumptive evidence which otherwise would not have been such.

The court also charged the jury, "that if the original credit for these goods was given to Stevenson, and he, in consequence thereof, and to secure the debt, endorsed the note before it was signed by Stone, with the understanding

Rogers v. Stevenson.

and agreement between him and Hills, that Hills should obtain the signature of Stone to said note, and hold the same against him as an indorser, and the signature of Stone was so obtained, then Stevenson was liable upon such note, in the same manner as an indorser for a valuable consideration; to which the defendant excepted. No objection to this charge is urged on the argument. But the defendant insists that there was no sufficient evidence that the original credit was given to Stevenson, but that it was given to Stone; that, therefore, there was no consideration for Stevenson's indorsement; and, having indorsed the note three or four weeks before it was signed by Stone, his indorsement was void, unless ratified after Stone had signed the note; and, hence, that the verdict was contrary to evidence and to the charge of the court, referring to the following, given at his request, viz. : "That if the original credit was given to Stone, and Stevenson endorsed the note in blank, and before it was signed by Stone, then Stevenson could not be held in this action."

There is no doubt, we think, but that the credit was given to Stone, that is, that the goods for which the note was given were sold to him, as the principal debtor, on the faith of Stevenson's guaranty. Stone bought, and Stevenson, to give him credit, promised the seller, that if Stone did not pay for the goods, he would, *Birkmyer vs. Darnell,* 1 *Smith, Lead. Cas.,* 371. But it does not, therefore, follow that Stevenson is not held. We do not see why the reasoning of the district judge is not correct. Stevenson's promise was collateral, and being verbal, was not actionable, (*Gen. Stat.,* ch. 41, *title* 2, *sec.* 6, *sub.* 2), but it was upon good consideration, and not illegal or void. The statute simply prescribes, as a rule of evidence, that oral proof of it cannot be received. An agreement, therefore, which was legal and

actionable before the statute, is legal since, and notwith-standing the statute. *Browne, Stat. Frauds, sec.* 115.

Stone having failed to pay, there was, at the time of Stevenson's indorsement, a legal debt due from Stevenson to Hills, but the statute barred his right to sue for and recover it. In honor and conscience, however, Stevenson was bound to pay it. This moral obligation, being founded upon a pre-existing debt, would seem to be a sufficient consideration for a valid promise to pay it.

" An express promise," says Mr. Chitty, " cannot be supported by a consideration from which the law would not imply a promise, except where the express promise does away with a legal suspension, or bar, of a right of action, which, but for such suspension or bar, would be valid." *Chitty on Contracts, p.* 47.

But for the statute bar, Hills' right of action against Stevenson would have been perfect. Mr. Parsons says the rule may now be stated as follows : " A moral obligation to pay money or perform a duty is a good consideration for a promise to do so, where there was originally an obligation to pay the money or to do the duty, which was enforceable at law but for the interference of some rule of law." *Parsons on Cont., Book* 2, *ch.* 1, *p.* 434.

There would seem, then, to be sufficient consideration to support this indorsement, if it was made in consequence thereof, and to secure the debt.

As said by the district judge, " Being morally and in honor bound to pay the debt, he saw fit to put Hills in a position where he could enforce the remedy." That the note was not signed makes no difference. *Violett vs. Patton,* 5 *Cranch,* 142. The indorsement was not intended to have its legal inception, till the note was completed by Stone's signature, and Stevenson, by delivering the note to

Hills, upon the understanding that Stone's signature was to be procured, made Hills his agent to procure the note to be completed, and thereupon, and upon its return to Hills, Stevenson's indorsement became as binding as if he had himself taken the note to Stone and procured his signature, and then delivered it to Hills.

The rule requiring guaranties to express the consideration, has no application. Stevenson chose to assume the position and liability of an indorser of negotiable paper, not of a guarantor.

Supposing, indeed, that Stevenson was under no moral obligation, that he had never made the promise testified to by Spaulding—there seems no good reason why his indorsement would not be binding upon him. Stone owed Hills for the goods. His note would be upon good consideration, and if the consideration was good as to the maker, it seems that it would extend to and support the indorsement of Stevenson, in the hands of Hills. *Spencer vs. Ballou*, 18 *N. Y.*, 327, is an express authority for such a position. But it appears that there was a further consideration for Stone's signature than his existing indebtedness. Although that was due, the note was drawn on sixty days. This extension was part of the arrangement between Stevenson and Hills, and was a benefit to Stone, and, so far as Hills' right of action against Stone was concerned, it was an injury to Hills. Here is sufficient consideration for Stevenson's indorsement.

The present right of action, which Hills parted with to get Stevenson's indorsement, may have been worth but little compared with the security obtained, but that is not material   Order affirmed.