## WILLIAM F. MASON vs. E. A. CAMPBELL.

### July 23, 1880.

Compromise and Satisfaction of Debt—New Note for Balance unpaid.—C. was indebted to M. in a certain sum, which he was unable to pay, and thereupon it was agreed between them that C. should give M. his note, with two designated sureties, payable in six months, with 12 per cent. interest, for one-half of the debt, and that the note should be received in full satisfaction of the whole of the debt. The note was executed and received accordingly, and paid when due. *Held*, this was a good accord and satisfaction, and extinguished the debt. Subsequently to the payment of the note above mentioned, C. executed in M.'s favor another note, the only consideration of which was the remainder of the original debt not covered by the first note. *Held*, that the second note was without legal consideration.

Appeal by defendant from a judgment of the district court for Meeker county, *Brown*, J., presiding.

*E. A. Campbell*, appellant, *pro se.*

*F. Belfoy*, for respondent.

BERRY, J. The defendant was indebted to the plaintiff in the sum of $385.50 for goods sold and delivered. Being unable to pay the same, he agreed to give the plaintiff his promissory note, with two designated persons as sureties, payable in six months, with interest at 12 per cent. per annum, for one-half of said debt, and the plaintiff upon his part agreed to receive the note in full satisfaction of the whole of the

debt. The note was executed and received accordingly, and was paid when due, to wit, August 9, 1870. As was correctly held by the court below, this was a good accord and satisfaction, and extinguished the debt. *Stafford* v. *Bacon,* 1 Hill, 532; *Schmidt* v. *Ludwig,* 26 Minn. 85; 2 Dan. Neg. Inst. § 1289; 6 Wait's Act. & Def. 414. This action is brought upon a note made by defendant to plaintiff, on August 11, 1870, the only consideration of which was the remainder of the indebtedness of $385.50, not covered by the note first mentioned. The question for us is whether this is a sufficient consideration for the note in suit. The original debt was extinguished by the accord and satisfaction. If, then, there is any consideration for the note in suit, it is at most a mere moral consideration. The general rule is that such a consideration will not support a promise. An apparent exception to this rule has been recognized in cases in which there was a precedent original consideration sufficient to sustain a promise, the right of action upon which has been suspended or barred by some positive rule of law; or, as it has been expressed, by the act of the law. In such cases, it is held that the debtor may waive the exemption given him by law, and bind himself by a new promise to pay the debt, the right of action upon which has been so barred or suspended. The case of a promise to pay a debt barred by the statute of limitations falls within this exception. But the general rule prevails where the original right of action is extinguished, not by the act of the law, but, as in the case at bar, by the voluntary act of the parties. In such case, a new promise does not revive the original debt, and is without consideration. *Shepard* v. *Rhodes,* 7 R. I. 470; *Stafford* v. *Bacon,* 1 Hill, 532; *Warren* v. *Whitney,* 24 Me. 561. From the application of these views to the case at bar, it follows that there was no consideration for the note in suit, and that the court below erred in its conclusion of law to the contrary.

Judgment reversed.