JOHN NEIBLES *vs.* MINNEAPOLIS & ST. LOUIS RAILWAY COMPANY.

June 16, 1887.

**Compromise of Claim for Negligence and Liquidation of Damages, held a Contract.**—Upon an asserted claim for damages, unliquidated in amount, resulting from the alleged negligent destruction of property, the claim being made in good faith, and upon grounds reasonably inducing the belief that it is enforceable, an agreement on the one hand to pay a specified sum, less than the alleged value of the property, and an agreement by the other party to accept that in full satisfaction, constitutes a valid contract.

**Principal and Agent—Evidence—Corporation.**—Evidence that one had acted for two or three years as an agent for a corporation, settling its obligations, is sufficient to establish *prima facie* the fact of an authorized agency.

The plaintiff brought this action in a justice's court, upon the contract set out in the opinion, and recovered judgment. The defendant appealed, upon questions of law and fact, to the district court for Le Sueur county, where the action was tried before *Macdonald*, J., without a jury, and judgment directed for plaintiff. Defendant appeals from an order by *Edson*, J., refusing a new trial.

*B. S. Lewis*, for appellant.

*M. R. Everett* and *Cadwell & Parker*, for respondent.

DICKINSON, J.   This action was commenced in a justice's court. The complaint sets forth a cause of action in the breach of a contract compromising an unliquidated demand of the plaintiff against the defendant for the negligent killing of the plaintiff's horse. The complaint alleges the negligence; the killing of the horse thereby; that the horse was of the value of $90; a mutual agreement, "as a compromise settlement and adjustment of the damages," to pay on the one part, and on the other to accept in full payment, a stated sum, 'less than the alleged value of the horse; and a breach of the defendant's agreement to make such payment. It was not necessary, in order to make valid the contract, that the claim compromised be one which could have been successfully maintained. It was enough that

the claim was asserted in good faith, and upon reasonable grounds inducing the belief that it was enforceable. *Perkins* v. *Trinka*, 30 Minn. 241, (15 N. W. Rep. 115;) *Callisher* v. *Bischoffsheim*, L. R. 5 Q. B. 449; *Kerr* v. *Lucas*, 1 Allen, 279; *Russell* v. *Cook*, 3 Hill, 504.

The complaint shows, not merely a claim of a right to recover for the defendant's negligence, but a good cause of action therefor. It is true that the complaint does not allege that the defendant disputed its liability; but, even though there was no controversy as to the defendant's being liable, a sufficient consideration to support the agreement appears from the fact that the plaintiff's asserted right of recovery was of an unliquidated nature. *Wilkinson* v. *Byers*, 1 Adol. & El. 106, 113; 1 Suth. Dam. 430.

The compromise agreement was made on the part of the defendant by one Brace. The authority of Brace, as the agent of the defendant, was shown *prima facie* by proof that, for two or three years, he had acted as claim agent for the defendant, settling their losses; that he acted in that capacity "right along." From the natural improbability that one should voluntarily, without authority, assume to act for another, settling his obligations, for a considerable period of time, and from the fact that such conduct would naturally come to be known by the assumed principal, the fact of agency may be presumed. *Rockford, etc., R. Co.* v. *Wilcox*, 66 Ill. 417; *Reynolds* v. *Collins*, 78 Ala. 94.

Order affirmed.