A. C. WILKINSON v. CITY OF CROOKSTON.

January 5, 1899.

Nos. 11,416—(196).

**New Trial—Submission of Issue to Jury—Accord and Satisfaction.**

A new trial granted on the ground that the trial court submitted to the jury an issue of fact upon which the evidence was conclusive against the respondent, and took from the jury another issue of fact, favorable to respondent, upon which the evidence was not conclusive.

Action in the district court for Polk county to recover $240.60 for services rendered and expenses paid by plaintiff as attorney for defendant. The cause was tried in June, 1897, before Ives, J., and a jury, which rendered a verdict in favor of plaintiff for $90. On motion of plaintiff a new trial was granted, and on the second trial the jury rendered a verdict in his favor for $97.22. Again the motion of the plaintiff for a new trial was granted, and on the third trial the jury rendered a verdict in favor of plaintiff for $190. From an order, Ives, J., denying defendant's motion for a new trial, defendant appealed. Reversed.

*R. J. Montague,* for appellant.

*A. A. Miller* and *A. C. Wilkinson,* for respondent.

MITCHELL, J.

It is to be regretted that there should be a reversal in a case involving a comparatively small amount, and which has been already tried three times, resulting each time in a verdict for the plaintiff, and where it was evident that he is entitled to a verdict for some amount. But there must be a reversal because of manifest error in the charge of the court.

The plaintiff was employed by the defendant as an attorney to assist in the defense of an action brought against it by one Netzer. This present action was brought to recover for professional services rendered and disbursements made in that case. According to the evidence, he assisted in the first trial of the case, and subsequently went to St. Cloud to argue a motion before the trial judge. After these services were performed, he rendered a bill to the city council

for $60, viz., $50 for trying the case, and $10 for going to St. Cloud. This bill the city paid.

He subsequently performed other services in the case, and when these were all performed he rendered to the city another bill (Exhibit E), for $110, to wit, $10 for trip to St. Paul, and $100 for briefing the case and preparing it for argument. The charge of $10 was not for going to St. Paul to argue the case in this court, but for coming down on the first day of the term to "set the case" for argument. This bill was all for services rendered and expenses incurred subsequent to the rendition and payment of the first bill for $60.

This last bill the city failed or refused to pay, and thereafter the plaintiff brought this action to recover $250 for his entire services, and $50.60 for his entire disbursements, in the case, less the $60 paid.

We shall not stop to discuss the evidence at length. We will merely say that upon the evidence presented by the record the court should have instructed the jury that the presentation and payment of the bill for $60 constituted a full settlement and an accord and satisfaction of all services and disbursements rendered or made prior to that date, and that the court erred in submitting that question to the jury.

As to the charge made for going to St. Paul to "set the case," the most favorable view for the plaintiff to take of the evidence is that it made a case for the jury; and hence the court erred in charging the jury, as a matter of law, that he was entitled to recover for that part of his claim.

We might add, with a view to another trial, that the plaintiff is in no way estopped as to the value of his services by rendering the bill for $110. The only pertinency of that act would be as an admission of the plaintiff (capable, however, of explanation in rebuttal) as to the value of his services. As there is no way of ascertaining how much of the verdict may have been on account of services rendered prior to the rendering of the bill for $60, or on account of the trip to St. Paul, a new trial of the whole case becomes necessary.

Order reversed.