## S. D. BALCH v. JOHN GROVE.[1]

June 8, 1906.

Nos. 14,788—(141).

**Promissory Note—Accord and Satisfaction.**

In an action for a balance on a promissory note by defendant to plaintiff, it appeared that plaintiff, as cashier of a national bank, of which he had been a stockholder, and of which defendant was the president and the principal stockholder, had made excessive, and to some extent unlawful, loans to an insolvent; that plaintiff and defendant agreed upon a payment by the defendant to the bank of the total loss and upon a credit on defendant's note to plaintiff of a named sum, calculated upon a proportion of plaintiff's holding of stock as his share of the loss; that pursuant thereto the loss of the bank was made good, and the agreed sum credited to defendant by plaintiff on the note in suit; and that subsequently defendant made payments of considerable amounts on the note before this suit was brought. The defense was one counterclaim based on the impairment in value of defendant's bank stock by the loss, and another counterclaim based on an assignment, subsequent to the commencement of the action, of the bank's claim against plaintiff for his neglect and unlawful conduct. It is *held* that the trial court was justified in refusing to set aside a verdict for the plaintiff, inasmuch as the jury was justified in finding that the parties had executed an accord and satisfaction of the whole transaction, including defendant's claim for impairment in the value of his stock, and that the bank, having been paid in full, had no assignable cause of action based upon the cashier's misconduct.

Action in the district court for Ramsey county to recover $1,850.48 upon a promissory note. The case was tried before Kelly, J., and a jury, which rendered a verdict in favor of plaintiff for $1,200. From a judgment entered pursuant to the verdict, defendant appealed. Affirmed.

*B. H. Schriber,* for appellant.

*J. Van Valkenburg,* for respondent.

[1]Reported in 108 N. W. 807.

JAGGARD, J.

This was an action by the plaintiff and respondent, demanding judgment against the defendant and appellant for a balance on a promissory note for $7,500 in the sum of $1,850.48, with interest.

The answer pleaded as one counterclaim that plaintiff, as cashier of a national bank, made a certain negligent and excessive, and therefore to some extent unlawful, loan to one Erkel, which resulted in a net loss to the bank of $4,300, and that the bank had assigned to the defendant its claim against the plaintiff, based on this liability, and as another counterclaim in effect that the defendant as a stockholder in the bank had suffered damages in the impairment of the value of his stock caused by such official misconduct of the cashier. The reply asserted an accord and satisfaction between the plaintiff and the defendant with respect to this loss.

The proof showed that subsequent to the loss the plaintiff and the defendant agreed that the defendant should pay the total amount of the loss to the bank, and that plaintiff would "stand for" a share of that loss based upon the proportion of the stock in that bank which he held. The amount so agreed upon was indorsed on defendant's note to plaintiff as a credit. Defendant then made good the loss to the bank and made a series of payments in considerable amounts on his note to the plaintiff. After all this had been done and this action commenced, the defendant procured an assignment from the bank of its claim against the plaintiff for the loss caused by plaintiff's negligent and unlawful conduct in making the excessive loan to Erkel.

He now insists that there was no question of accord and satisfaction to be submitted to the jury, inter alia, because (1) the pleadings did not set forth but were repugnant to any settlement between the plaintiff and the bank of its claim, based on the loss occasioned by plaintiff's misconduct; (2) all witnesses agreed that this claim was never discussed, and was never in the minds of the parties prior to the commencement of the suit; and (3) defendant never had authority to compromise this claim with the bank against the plaintiff prior to his asking the assignment thereof.

The jury brought in a verdict for the plaintiff for $1,200 upon some basis of calculation which is conjectural. No appeal was taken, how-

ever, from it by the plaintiff. The defendant appealed from the judgment. The substance of his appeal is the alleged error of the trial court in refusing his motion for judgment notwithstanding the verdict.

It may be conceded that the evidence disclosed a clear case of negligence on the part of the plaintiff, which rendered him liable to the bank for the entire amount of the Erkel loss (see Witters v. Sowles [C. C.] 31 Fed. 1, 5), and that he was chargeable with interest thereon (Cooper v. Hill, 94 Fed. 582, 36 C. C. A. 402). But the evidence also discloses that before the assignment was made the bank had been paid in full by the defendant for its losses, and therefore had nothing to assign. The defendant was entitled to nothing against the plaintiff under the doctrine of subrogation, because the question of division of responsibility for the loss of the proportion of contribution proper for the plaintiff and defendant to make had been adjusted between the parties. Indeed, he claimed a credit as against the plaintiff for the amount agreed upon between him and the plaintiff as the plaintiff's share of this loss. Accordingly he is not in position to assert against the plaintiff a claim based upon either the impairment in the value of his stock caused by the Erkel loss nor upon damages sustained by the bank for the same cause. These two counterclaims, while in pleading separate, under the circumstances of this case were properly held by the trial court to be "but one. The adjustment between the plaintiff and defendant touching the Erkel loss adjusted the whole."

Judgment affirmed.