# SUNSET ORCHARD LAND COMPANY v. SHERMAN NURSERY COMPANY.[1]

February 21, 1913.

Nos. 17,887—(206).

**Decision sustained by evidence.**

1. In this action to recover damages for the breach of a compromise con-

---

[1] Reported in 140 N. W. 112.

tract by which defendant agreed to deliver to plaintiff free of charge fruit trees to the value of $1,000, it is *held* the evidence was sufficient to justify the decision that there was a good consideration for the contract, in that it was honestly made to settle a bona fide disagreement between the parties.

**Verdict sustained by evidence.**

2. The evidence justified the verdict on the issue of the authority of an agent of defendant to make the contract on its behalf.

**Admission of evidence.**

3. There was no error in overruling defendant's objection to the reception of evidence because no reply had been made, or in any of the rulings on the admission of evidence assigned as error.

**Measure of damages.**

4. The proper measure of damages was the sum named in the contract as the value of the trees agreed to be delivered.

Action in the district court for Ramsey county to recover $1,000 for breach of contract. The facts are stated in the opinion. The case was tried before Kelly, J., who denied defendant's request for an instructed verdict, and a jury which returned a verdict in favor of plaintiff for $1,020. From an order denying defendant's motion for a new trial, defendant appealed. Affirmed.

*Jesse Van Valkenburg,* for appellant.

*John R. Donohue,* for respondent.

BUNN, J.

Plaintiff brought this action to recover from defendant damages for its breach of a written contract by the terms of which defendant, in settlement of differences between the parties, in the contract and hereafter referred to, agreed to deliver to plaintiff free of charge fruit trees to the value of $1,000. Defendant admitted its refusal to deliver the trees, but claimed that there was no consideration for the contract, and that it was executed on its behalf by an agent who had no authority to do so. The case was submitted to the jury on these issues, and a verdict of $1,020 for plaintiff was rendered. Defendant appeals from an order denying a new trial.

The principal questions here are as to the sufficiency of the evidence to sustain the verdict on the issues submitted, the ques-

tions of consideration, and authority of the agent. The facts are as follows:

Plaintiff owned orchard lands in Montana, and in January, 1910, purchased of defendant fruit trees to the agreed value of $4,612.50, which were delivered and paid for. The sale was negotiated on behalf of defendant through one Rettner as its agent. On December 22, 1909, Rettner wrote to E. M. Ferguson, president of plaintiff, quoting prices of $13.50 per hundred for apple trees, and $25 per hundred for pear and cherry trees, delivered at Stevensville, Montana. The letter stated: "We guarantee our trees to be true to name, and free from diseases. We also, *in case of any trees dying within five years, deliver for half price.*" On December 24, 1909, Ferguson wrote to Rettner that plaintiff accepted his offer on apple trees, and offered $20 per hundred on 2,500 pear trees and 900 cherry trees. This letter states that the trees are to be furnished under an agreement that defendant will "*replace free of charge all trees which fail to live through the first year after planting,* and to replace at half price all those trees which may die within the following four years." It does not appear that an answer was received to this letter, though it appears to have been mailed by Rettner to defendant.

On January 7, 1910, Rettner procured from plaintiff, through its secretary, L. F. Gran, a written order for apple and pear trees. This order was on a printed blank furnished by defendant, and contained a clause to the effect that, if the "goods received on this order should die within five years," the nursery agrees to deliver the "goods so lost" at one-half the original price. The price of the apple trees was $13.50 per hundred, the same price quoted in Rettner's letter of December 22, and accepted by the letter of December 24. The pear trees were priced at $22.50 per hundred. On January 26, 1910, a further order for apple trees was procured by Rettner from Gran, acting for plaintiff, which contained the same agreement to replace at half price.

During the season of 1910 a large number of the trees died, or "failed to live." Plaintiff by letter called upon defendant to replace these trees free of charge. Defendant, on January 6, 1911, replied

that: "We stand ready at any time to fulfil any contract that
we may have entered into. Kindly let us know what you wish
replaced." On January 11 defendant wrote: "In looking over
the copy of the contract between us, I do not seem to find that we
agree to replace these trees free of charge." January 12 plain-
tiff wrote to defendant, quoting the letter of December 24, 1909, and
saying that the writer, Ferguson, had never doubted that "this was
fully understood between us until receipt of your recent letter."
January 16 defendant wrote, calling plaintiff's attention to the
orders of January 7 and 26, 1910.

After some further correspondence, plaintiff wrote defendant
February 9, 1911, stating that trees for which $1,346.86 was paid
had failed to make growth, that plaintiff claimed defendant had
agreed to replace these free of charge, while defendant claimed its
agreement was to replace at half price, and suggested that they make
an amicable settlement, and divide the difference. On receipt of
this letter, the president of defendant went to Minneapolis and in-
structed Rettner to effect a settlement with plaintiff. Rettner testi-
fied that Mr. Sherman told him of the claim made by plaintiff that
it was entitled to have the trees replaced free of charge, and in-
structed him to make the best settlement he could, but to make a
settlement. Sherman testified that he instructed Rettner to "try
and get the matter adjusted." Under these instructions, Rettner saw
Ferguson, and made the contract of settlement which forms the basis
of this action, which, after reciting that differences had arisen be-
tween the parties in regard to defendant's obligation to replace trees
which had failed to live through the season of 1910, provided that
plaintiff should receive from defendant, in settlement of such differ-
ences, nursery stock, free of charge, to the value of $1,000, to be
selected by plaintiff from such stock as defendant should have on
hand when the orders should be received, and at named prices for
different kinds and varieties. This contract was executed in the
name of defendant, by Rettner, as its agent. On being informed
by Rettner of the settlement he had made, defendant repudiated the
contract.

1. It appears, clearly, we think, from the above statement of facts, that Rettner was authorized by defendant to make the contract on its behalf. The verdict of the jury to this effect is abundantly sustained by the evidence.

2. The claim that there was no consideration for the contract is not sustained. The evidence justified the jury in finding that there was a bona fide dispute between the parties as to the liability of defendant to replace free of charge all trees that died during the first season. While the written orders for the trees did not contain such an agreement, it appears that Mr. Ferguson, who had charge of the purchase, had not seen these orders, and had reason for believing that the contract was in accord with the proposition made in his letter of December 24. The correspondence prior to the execution of the contract sued upon all indicates that there was a good-faith claim on the part of plaintiff that defendant had agreed to replace dead trees free of charge and a claim by defendant that it had not so agreed, but coupled with an expressed willingness to live up to any contract it had made. The instructions by Sherman to Rettner to make a settlement with plaintiff, or to try to make a settlement, indicate an understanding that there was a disagreement between the parties as to the liability of defendant, and that this disagreement was bona fide.

The law is well settled that the compromise of a disputed claim is in itself a good consideration, if the parties in good faith believed there was a question between them and make mutual concessions. It is not necessary that the claim settled be one which could have been successfully maintained, nor even that the question be really doubtful. If the compromise was honestly made in the bona fide belief that that was a doubtful question to be settled, and the parties make mutual concessions, no inquiry into the character or value of the claim will be gone into for the purpose of setting aside the compromise on the ground of want of consideration. Demars v. Musser-Sauntry L. L. & M. Co. 37 Minn. 418, 35 N. W. 1; Hall v. Wheeler, 37 Minn. 522, 35 N. W. 377; Marion v. Heimbach, 62 Minn. 214, 64 N. W. 386; Hansen v. Gaar, Scott & Co. 63 Minn. 94, 65 N. W. 254.

Plaintiff claimed that it was entitled free of charge to receive trees of the cost price of $1,346.86. Defendant admitted its obligation to furnish the trees at half price. They compromised by "splitting the difference." We hold that the evidence fully warranted the decision that the compromise was honestly made to settle a bona fide disagreement between the parties.

3. There is no merit in the claim that it was error to overrule defendant's objection to the reception of any evidence, made on the ground that there was no reply to the answer. In view of the allegations of the complaint, no reply was necessary to the allegations of the answer that there was no consideration, and that the contract was executed on behalf of defendant by an agent who had no authority. We find no error in any of the rulings on the admission of evidence that are assigned as error.

4. The trial court instructed the jury that, if plaintiff was entitled to recover at all, it was entitled to recover the money value fixed in the contract; that is $1,000. It is urged that this is not the proper measure of damages. We think the instruction was correct. Defendant agreed to furnish $1,000 worth of trees, free of charge, to be selected by plaintiff. It did not agree to furnish any definite number of trees, or trees of any particular kinds or varieties. We know of no other measure of damages for the breach of a contract of this nature than the recovery of the amount named in the contract. It is as if defendant had agreed to pay $1,000 in money, or in any kind of personal property.

Order affirmed.