## E. DIEUDONNE v. ARCO COMPANY.[1]

March 22, 1918.

No. 20,796.

**Compromise and settlement — breach of warranty — evidence.**

The admitted facts show that plaintiff's claim for breach of warranty had been fully settled and satisfied.

Action in the district court for Waseca county to recover $175 for breach of warranty. The answer alleged that after the material and roofing had been applied to the roof for over a year and before plaintiff had paid the purchase price, he made the claim that the roofing did not comply with the written warranty; that the company claimed that it did comply with the warranty, and a dispute arose between the parties as to whether the roofing did comply with the warranty, and plaintiff proposed to the company that if it would furnish him free of charge two barrels of Arco Sealit of the value of $100, he would release his claims under the warranty; that the company complied with the request. The case was tried before Childress, J., who when plaintiff rested denied defendant's motion to dismiss, and at the close of the testimony denied its motion for a directed verdict, and a jury which returned a verdict for $100. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Reversed.

*Moonan & Moonan,* for appellant.

*Henry M. Gallagher,* for respondent.

TAYLOR, C.

Plaintiff purchased from defendant 1,500 pounds of a roofing preparation known as "Arco Sealit" for the sum of $135 under the following warranty: "Guaranteed ten years water-proof. Will not crack, peel or blister or run with sun. 25 lbs. to cover 100 sq. feet on roof." Alleging a breach of the warranty, plaintiff brought this action for damages and

[1]Reported in 166 N. W. 1067.

recovered a verdict. Defendant made an alternative motion for judgment notwithstanding the verdict or for a new trial, and appealed from an order denying the motion.

We find it unnecessary to consider more than one of the questions raised. The material, although purchased and used in the spring of 1913, was not to be paid for until May 1, 1914, so that plaintiff had nearly a year in which to ascertain whether it made a good roof before the purchase price became due. On March 19, 1914, and before the bill became due, plaintiff wrote defendant, calling attention to the warranty and stating that much more than 25 pounds per 100 square feet had been required to cover the roof, that the material had cracked and the roof was leaking in numerous places, and that he would "not pay for it in this condition." On March 25, 1914, defendant replied, asserting that the material was all right and that the defects must have resulted from failure to follow the directions for applying it, and inclosed a copy of of the directions saying: "You can see for yourself whether it has been properly applied." The evidence at the trial showed that in fact the material had been placed upon an old dry felt roof containing cracks, without first preparing the felt in the manner pointed out in the instructions. In this same letter of March 25 defendant, stating that it wished to be fair in the matter, made the following proposition: "You tell us what kind of a roof you are going to cover, we will then send you enough material to cover the area intended without charge, with the understanding that you pay your bill as it now stands." On March 31, 1914, plaintiff replied to this letter, and, after describing the condition of the roof both before and after the material had been applied, stated that the men who performed the work claim "that it will take at least two barrels more now to go over most of it again," and then stated: "You send me this and I will call it O. K." On April 6, 1914, defendant replied accepting plaintiff's proposition and shipped the two barrels of material containing over 1,100 pounds which plaintiff received and applied upon his roof. Thereafter plaintiff paid the purchase price for the original material. Something more than two years later plaintiff demanded the return of the amount paid on the ground that within a few months after the payment had been made the roof had again become defective. Defendant replied to the effect that the fault was not

in the material but in the failure to follow instructions in applying it, and that plaintiff's claim had been fully settled and that no further claim would be recognized. This suit followed.

We think the above facts, which are conceded, constitute a full compromise and settlement of plaintiff's claim for the alleged breach of the warranty. Plaintiff asserted that the fault was in the material; defendant that the fault was in the failure to follow instructions in applying it. The damages were unliquidated. The purchase price was $135. Plaintiff offered to settle the controversy for two additional barrels of material. Defendant accepted plaintiff's proposition and promptly furnished this additional material of the value of $100, and plaintiff accepted it and used it. This constituted a full satisfaction of his claim. Truax v. Miller, 48 Minn. 62, 50 N. W. 935; Sunset Orchard Land Co. v. Sherman Nursery Co. 121 Minn. 5, 140 N. W. 112; Neibles v. Minneapolis & St. L. Ry. Co. 37 Minn. 151, 33 N. W. 332.

The order appealed from is reversed and the trial court will direct judgment for the defendant.