## ELLA LEE CAIRNS v. TODD W. LEWIS.[1]

November 19, 1926.

No. 25,412.

**When proper to strike general denial from answer.**

1. In an action on a contract for the payment of money, a general denial was properly stricken from the answer when it appeared that the execution of the contract and the defendant's failure to make the stipulated payments were conceded.

**Not prejudicial to strike out from answer allegations of fact not constituting a defense.**

2. The defendant is not prejudiced by striking from an answer allegations of fact which if true would constitute no defense.

**Not prejudicial to strike out paragraph of answer which raised no issue to be tried.**

3. A frivolous answer is one which does not present a defense in any view of the facts pleaded. Upon the hearing of a motion to strike out a paragraph of an answer as frivolous, undisputed facts were called to the court's attention and considered and upon the showing made it became plain that the paragraph in question raised no issue to be tried. There was no prejudicial error in the granting of the motion.

**Release of all claims of divorced wife against her former husband good consideration for his contract to create fund for her support.**

4. After a husband obtained a divorce from his wife on the ground of desertion, he entered into a written contract with her, reciting that she might assert a legal and valid claim against him. In consideration of her release of all claims against him and his estate, he promised to create a trust fund for her support and in addition to pay her a stipulated sum of money monthly. The claim was one which could have been asserted in good faith and the release thereof was a sufficient consideration for the contract.

**Under statute in force at time of divorce wife could have recovered alimony.**

5. Under the statute in force when the decree of divorce was

[1]Reported in 210 N. W. 885.

entered, the wife could have claimed and might have been awarded alimony, although the divorce was procured by her husband for her desertion of him.

**Record silent on matters stated.**

6. The record does not indicate that the divorce was procured by collusion between the husband and wife, that she refrained from making a defense upon an understanding that the contract would be executed later, or that the contract was contrary to public policy.

**Not an abuse of discretion to order judgment as for want of an answer.**

7. Under the circumstances the court did not abuse its discretion in ordering judgment for plaintiff as for want of an answer.

Contracts, 13 C. J. p. 342 n. 7; p. 344 n. 48 New.
Divorce, 19 C. J. p. 244 n. 78; p. 245 n. 84.
Pleading, 31 Cyc. p. 605 n. 19; p. 608 n. 54; p. 634 n. 80; p. 641 n. 35.

Defendant appealed from an order of the district court for Hennepin county, Baldwin, J., striking out his answer as false, irrelevant, frivolous and sham. Affirmed.

*Madison C. Bowler,* for appellant.

*Allen & Straight,* for respondent.

LEES, C.

This is an appeal from an order striking out the answer of the defendant as irrelevant, frivolous and sham.

The action was brought on a contract in writing, dated April 23, 1917, to which the plaintiff and defendant are parties. The complaint sets out the contract in full; alleges that it was entered into upon valuable and sufficient considerations; that on June 12, 1924, plaintiff was married to one Clifford I. Cairns, and that from and after July 1, 1924, the defendant had failed to make the monthly payments required by the terms of the contract; and judgment was demanded for the amount of the arrearage.

The contract recites that defendant is a resident of Minneapolis, and plaintiff of the city of New York; that defendant desires to furnish plaintiff with a sufficient income to support her for life; and

that, by reason of their past relations, plaintiff might assert a valid claim against him or his estate. In consideration of one dollar and the release of all claims plaintiff might have against him, defendant promises to pay her $300 a month on the first day of each month during the remainder of her life, such payments to be in addition to the income from securities of the value of $75,000, deposited by defendant with the Minnesota Loan & Trust Company, the annual income therefrom to be paid to plaintiff by the trustee. If plaintiff marries, the monthly payments of $300 are to be reduced to $100, but her marriage shall not otherwise affect her rights under the contract. The stipulated payments are to be received in full settlement of all plaintiff's rights in defendant's property and in satisfaction of all claims she might have against him or his estate, and, in consideration thereof and of the continued maintenance of the trust fund, she forever releases defendant from any other or further claims against him.

In the first paragraph of the answer, defendant alleged that he married plaintiff on July 11, 1904, and that they were divorced on November 21, 1916. In the second paragraph he alleged that there was no consideration for the contract set out in the complaint, and that the contract is void and of no effect; in the third that prior to the year 1916 plaintiff left Minneapolis where she had theretofore resided with defendant, and went to the City of New York and "began to keep company with one Clifford I. Cairns to whom she became engaged to marry" and did marry on June 12, 1924, and that Cairns was a man of large means and was supporting plaintiff in luxury. The fourth paragraph consists of a general denial.

Plaintiff asked that the first and third paragraphs be stricken as irrelevant and frivolous, the second as frivolous and the fourth as false and sham, and that plaintiff have judgment as for want of an answer. Opposing affidavits were presented to the court and after a hearing the motion was granted and judgment ordered in plaintiff's favor.

The execution of the contract and defendant's failure to make the payments sued for are conceded, hence the fourth paragraph of the answer was properly stricken.

Neither the first nor the third paragraph states a defense, hence defendant was not prejudiced by the order striking them out.

The only paragraph of the answer which merits serious attention is the second. The court held that it was frivolous.

We have said that a frivolous answer is one which does not present a defense in any view of the facts pleaded, State v. Weber, 96 Minn. 422, 424, 105 N. W. 490, 113 Am. St. 630; Sheets v. Ramer, 125 Minn. 98, 145 N. W. 787, and that it is one which does not contain any defense to any part of the plaintiff's cause of action, the insufficiency of the answer being so glaring that the court can determine it upon a bare inspection without argument. First Nat. Bank v. Lang, 94 Minn. 261, 102 N. W. 700; Morton v. Jackson, 2 Minn. 180 (219).

In Hatch & E. Co. v. Schusler, 46 Minn. 207, 48 N. W. 782, a case upon which defendant greatly relies, a demurrer was stricken as frivolous. In reversing the lower court this court said:

"To warrant striking out a demurrer as frivolous, it is not enough that the court, after argument and deliberation, is of opinion that it is not sustainable. To justify so summary a procedure, it must be clear, from a mere inspection of the pleading and without argument, that there was no reasonable ground for interposing the demurrer, and hence that it was presumably put in in bad faith, for mere purposes of delay."

Without stopping to consider whether this is the test by which to determine whether an answer is frivolous, we think that the court should not deny a motion to strike merely because the insufficiency of the attempted defense may not become apparent before argument. It must be borne in mind that in the administration of justice the office of pleadings is to inform the adverse party and the court of the nature and scope of the issues to be tried. If therefore it appears beyond doubt that an answer raises no issue and so there is nothing to be tried, the court when asked to do so should not hesitate to strike it out.

The record shows that at the hearing in the court below it appeared without dispute that the divorce was granted by the district

court of Hennepin county; that it was granted on the ground of the wife's desertion of her husband; that the summons and complaint were served in the state of New York; that the wife did not appear or answer and that the judgment makes no provision for alimony or for her support. Although these facts are not pleaded, they are disclosed by affidavits, considered by the court in passing on the motion. There was no objection to this, hence we think the second paragraph of the answer should be viewed in the light of the facts admitted. When so viewed it is clear that it presents no defense and raises no issue to be tried.

The contract recites that this defendant's former wife might assert a legal and valid claim against him. She released the claim in consideration of his promise to create the trust fund and make the monthly payments. Now he alleges that there was no consideration for his promise. In Anderman v. Meier, 91 Minn. 413, 98 N. W. 327, it was suggested that the expression, in a written contract, of a consideration not of a pecuniary nature might be conclusive on the parties. In Kramer v. Gardner, 104 Minn. 370, 116 N. W. 925, 22 L. R. A. (N. S.) 492, the court went further, saying that as a general rule evidence outside the writing is receivable to show the true consideration of a written contract, but, where the expressed consideration is something other than a sum of money paid or to be paid, it is of a contractual nature and parol evidence is not admissible to contradict the terms of the contract in this respect. Under this rule defendant would be bound by the recitals of the contract and could not show that plaintiff did not have a valid claim against him which she released. But it is not necessary to rest our decision upon this proposition. There can be no doubt that there could have been a bona fide assertion of the claim of the divorced wife. She compromised and settled the claim. The release thereof was unquestionably a sufficient consideration for defendant's promise to pay money. It is well settled that a contract for the compromise of a claim which may be asserted in good faith and upon reasonable grounds for the belief that it is enforceable, is valid and enforceable. Neibles v. M. & St. L. Ry. Co. 37 Minn. 151, 33 N. W. 332;

Montgomery v. Grenier, 117 Minn. 416, 136 N. W. 9; Sunset Orch. L. Co. v. Sherman N. Co. 121 Minn. 5, 140 N. W. 112; Kies v. Searles, 146 Minn. 359, 178 N. W. 811; Peterson v. Hegna, 158 Minn. 289, 197 N. W. 484.

Under the statute in force when the decree of divorce was entered, alimony could be awarded although the divorce was procured by the husband. G. S. 1913, § 7128, now G. S. 1923, § 8602; Webber v. Webber, 157 Minn. 422, 196 N. W. 646. The decree made no provision for alimony, hence the wife's right to claim it was not barred. She might have asserted it in an appropriate proceeding, possibly in this state and certainly in New York if her former husband had property there which she could reach. See Thurston v. Thurston, 58 Minn. 279, 59 N. W. 1017; Searles v. Searles, 140 Minn. 385, 168 N. W. 135.

Sprague v. Sprague, 73 Minn. 474, 76 N. W. 268, 42 L. R. A. 419, 72 Am. St. 636, is not in conflict. There the wife was awarded alimony and it was held that she could not thereafter maintain an independent action therefor in the courts of this state.

Upon the authority of Adams v. Adams, 25 Minn. 72, it is urged that the contract is contrary to public policy and therefore unenforceable. It might be if there was collusion in the procurement of the divorce. But it nowhere appears that the defendant wife refrained from making a defense or connived at the procurement of the divorce upon an understading that the contract should be executed later. Upon the record before us we hold that there is no foundation for the claim that the contract offends public policy. See Nelson v. Vassenden, 115 Minn. 1, 131 N. W. 794, 35 L. R. A. (N. S.) 1167.

Complaint is made because the court ordered judgment as for want of an answer, giving defendant no opportunity to amend or plead over. Since defendant must make the payments sued for if the contract is valid, and since its validity and enforceability at the time of the commencement of this action cannot be successfully denied, we think it was within the discretion of the court to grant judgment in plaintiff's favor.

Order affirmed.