Walter L. Van Ausdall
vs. } No. 74601.
Thompson & Thompson, Inc.

Annie E. Vogel
vs. } No. 75239
Thompson & Thompson, Inc.

April 26, 1932.

BLODGETT, J. Both cases heard without the intervention of a jury.

Plaintiff Van Ausdall in case numbered 74601 seeks to recover against defendant corporation a note for $11,820.60 dated August 3, 1927, and interest.

The Vogel note is for $5,000, dated October 28, 1927, and interest.

Van Ausdall further claims to be entitled to 25 per cent. of the net profits of said corporation during a certain period.

The bill of particulars filed by Van Ausdall shows a balance due him for cash advanced to the corporation on January 31, 1925, of $3,925, and also for his share of the profits of said corporation for the years 1919 to 1926 inclusive, of $4,775.25.

The bill of particulars filed in behalf of Annie E. Vogel simply sets forth a note for $5,000.

In the Van Ausdall case the note presented as evidence is dated August 3, 1927, for $11,820.60, payable 6 months from date and signed Thompson & Thompson, Inc., W. M. Van Ausdall, Treas.

In the Vogel case two notes were introduced: the first dated November 26, 1926, for $5,000 payable 4 months after date, the signature having been torn off the note; the second dated October 28, 1927 for $5,000 and signed by Thompson & Thompson, Inc., W. M. Van Ausdall, Treas.

Upon the production of the notes the plaintiff rested.

The defense in both cases is the same, that the note to Annie M. Vogel was given without consideration and that the note to Van Ausdall was given without consideration, and that both notes were given without the authorization of the defendant corporation, and that as to the claim of Van Ausdall for one-fourth of the net profits of the corporation for the years 1919 to 1926 inclusive, that the books of the corporation do not disclose any profits.

The defense is based upon the testimony of James E. Ratcliffe, a public accountant, who examined the books (cash journals) as to the note in question to Van Ausdall. Ratcliffe testified, referring to cash journal, page 1999, being an entry of January 31, 1925 (in the handwriting of Van Ausdall) that he found an item of $3,925; that (Ans. to Q. 7, p. 6 of record) "That is a debit to W. M. Van Ausdall in the sundry credit column, and credited on notes payable, suspension;" that the entry meant (Ans. to Q. 8) that the obligation to Van Ausdall was wiped out and eliminated in the accounts payable ledgers and put into the doubtful liability account, namely, the notes payable suspension account. With reference to the item of $6,329.59 on page 2025 of the journal he found (Ans. to Q. 10) it a debit to the suspension account. That is, he credited the bills payable account with the accommodation notes given Van Ausdall to cover salary and commission, which meant (Ans. to Q. 11) that the liability was transferred from a doubtful liability account to the definite liability account as of that date. That meant (Ans. to Q. 16, p. 7) that

there was a cancellation of the indebtedness of the corporation to Van Ausdall in the sum of $3,925, which was included in the entry of $9,113.98.

Witness further testified he found no entry in the books of defendant showing an indebtedness to Van Ausdall on August 3, 1927, of $11,820.60, and no entry of the issuance of such a note on said date (Ans. to Q. 18, p. 7).

A copy of the income return, signed by Van Ausdall and Thompson as president of the corporation, dated April 26, 1926, for the year ending January 31, 1926, was admitted, in which appears the item, "notes payable, forgiven or cancelled, $9,113.98" (page 9). This testimony was offered in corroboration of the testimony of accountant, and that the item of $3,925 in plaintiff's bill of particulars was included in the item of $9,113.98 so cancelled.

The plaintiff testifies to have been associated with defendant corporation seventeen years, originally as manager, then as treasurer, succeeding Henry L. Thompson, who died in 1922. The original note for $5,000 to plaintiff Vogel was apparently, from the record, made by Henry L. Thompson as treasurer. The plaintiff Van Ausdall is executor of Annie M. Vogel's will, she having deceased since the beginning of this action. Van Ausdall severed his relations with the corporation in February, 1928. He testified to finding the $5,000 note among the papers of the deceased, being the note from which the signature had been torn; that the date of this note was November 26, 1926; that a payment of interest of $100 was credited on the books April 17, 1926; (the record of his testimony gives the date of this note as November 26, 1926; see answer to Q. 27, p. 61 of the record).

Under an agreement between the two Thompsons and Van Ausdall, dated April 1, 1920 (a copy of same appearing in the bill of particulars), Van Ausdall was to receive in addition to his salary a bonus in cash equal in amount to one-quarter of the net profit and surplus, to be delivered to said Van Ausdall in shares of the corporation, and that an accountant should be employed for the purpose of compiling such annual statements of profits and surplus.

Presumably the action by Van Ausdall to recover profits is based upon this agreement.

Van Ausdall testifies one Abel S. Hubbard was employed as such accountant, and, upon the decease of said Hubbard, one Edward G. Sherman; that this bonus was never paid to him; that at one time Fred D. Thompson issued to him 10 shares of stock of the corporation for which he (Van Ausdall) gave a check to the corporation for $1,000.

All questions relative to this agreement were objected to by counsel for defendant, and exceptions noted, upon the ground that it did not appear that the corporation was a party to the same.

There is nothing on the record to show any attempt by the parties to carry out this agreement, nor is any evidence offered as to the balance sheets prepared by said accountants, except the testimony of Van Ausdall that such balance sheets were prepared and were in the possession of the defendant. In the answer to Q. 67, p. 68, Van Ausdall testified he was not an accountant and perhaps could not be considered a bookkeeper; that he had no idea what the proper procedure, viz.: as to matters of depreciation, was; that he simply followed suggestions made by accountant when he closed the books.

No testimony appears upon the record by the accountant employed, and such testimony is hearsay and throws little light on the controversy as to the correct method of determining depreciation. It would seem by the answers

of Van Ausdall to Q. 77, p. 70, that he (Van Ausdall) has made from time to time cash advances to the corporation amounting in all to $13,662, and had received from time to time cash credits, which brought the amount due him from the corporation to $3,925. Van Ausdall during all this period was the bookkeeper as well as treasurer.

Asked as to what the entry referred to by defendant's expert meant, Van Ausdall testified (Ans. to Q. 80, p. 72), "Nothing more than the fact that it went into the doubtful account." In answer to a question by the Court as to what he meant by that, he said "Doubtful whether it could be collected." (Ans. to Q. 81, p. 72.) Van Ausdall, in answer to Q. 82, p. 72, said that such entry in his opinion did not mean a cancellation of the note or obligation.

Van Ausdall further testified as follows: (Q. 93, p. 75): "Did you ever cancel or pretend to forgive for Mrs. Vogel the indebtedness to her from the defendant corporation?" Ans. "I will have to answer that question yes and no, because I did cancel it but I did not forgive it. The books show the cancellation."

Fred D. Thompson, who with Van Ausdall were the sole directors of the corporation after the death of his brother Henry, testified that previous to the bringing of these actions he had no knowledge of the existence of the notes in question.

There is testimony that the records of the corporation do not show any authority for the issuance of these notes.

It was admitted on the record that Carl Christiansen, a certified public accountant, would testify that the method pursued by Van Ausdall was not the usual method in bookkeeping to determine the net profits, and that he used the wrong method in that he did not take the cost.

The issues raised by these actions involve questions of accounting and bookkeeping methods.

The testimony shows that both Annie M. Vogel and plaintiff Van Ausdall were the good angels of the corporation and advanced money which has never been repaid. The difficulty, as far as the Court is concerned, is that it has to depend upon expert testimony to determine whether these notes in question were cancelled, and if same were cancelled whether Van Ausdall had authority to renew the obligations.

The expert for the defendant who examined the books testified same had been cancelled. No expert was introduced by plaintiff to dispute this as a bookkeeping problem. In consequence, the Court is obliged to reach the conclusion that under the methods of correct bookkeeping the notes were cancelled.

Several cases are cited by counsel for defendant that where a voluntary release has been made of a debt, an express promise does not revive it, nor does it form a sufficient consideration to support the new promise.

> *Shepherd* vs. *Rhodes*, 7 R. I. 470;
> *Vincent* vs. *Gorham & Trustees*, 3 Metcalf 345;
> *Hall* vs. *Rice*, 124 Mass. 292;
> *Mason* vs. *Campbell*, 27 Minn. 54;
> *Grant* vs. *Porter*, 63 N. H. 229.

Corpus Juris, Sec. 220, p. 360, N 11, says:

> "So where a debt has been wholly or partially released, a subsequent promise by the debtor to pay such debt, or the balance unpaid, is without consideration."

The same difficulty presents itself to the Court in determining the net profits and surplus of the corporation during the years in question. An expert accountant testifies a wrong system was used in reaching such determination. No expert accountant testifies to the contrary.

The agreement itself, even if same could be properly admitted as testi-

mony,. shows that such profits or surplus, if any existed, were to be paid Van Ausdall in stock of the corporation.

The Court feels that in respect to the claim for one-fourth of the profits or surplus during the years in question, the plaintiff Van Ausdall has not met the burden of proof as to the existence of any such profits or surplus.

Decision for the defendant in both cases.

For plaintiffs: Quinn, Kernan & Quinn.

For defendants: Ralph M. Greenlaw.