BERNADINE K. DALY, ADMINISTRATRIX OF ESTATE OF MARCUS J. DALY, v. CHICAGO & NORTH WESTERN RAILWAY COMPANY.

114 N. W. (2d) 682.

April 13, 1962—No. 38,509.

*Stringer, Donnelly & Sharood,* for appellant.

*Bonner, Bonner & Clements* and *Yaeger & Yaeger,* for respondent.

FRANK T. GALLAGHER, JUSTICE.

Appeal from an order of the district court.

Plaintiff, Bernadine K. Daly, representative of the estate of Marcus J. Daly, deceased, brought this action against the defendant railway company for damages resulting from an alleged breach of a contract by the defendant to compromise and settle a personal injury claim.

Plaintiff alleged in her complaint that on August 8, 1958, and for some 41 years prior thereto, Marcus J. Daly was employed as a freight conductor for the defendant; that on said date an accident occurred in which defendant's train, on which Daly was employed, fell through a bridge and burned, causing such injuries to Daly that he was unable to return to that employment during his lifetime; that in September 1958 Daly employed attorneys Yaeger & Yaeger of Minneapolis to represent him in negotiating and settling his personal injury claim under the

Federal Employers' Liability Act, that such negotiations culminated in an offer of settlement from the defendant in the amount of $19,500, which was accepted by Daly's attorneys on February 1, 1960; that Daly died testate on February 7, 1960, and plaintiff was duly appointed executrix of his estate on March 1, 1960, and is the qualified and acting executrix of said estate; that by virtue of the acceptance of the offer of defendant by Daly's attorneys there has existed since February 1, 1960, a contract between decedent and defendant; and that although payment thereof has been duly demanded none of the $19,500 has been paid, for which amount plaintiff prayed judgment with interest at 6 percent from February 1, 1960.

Defendant in its answer admitted that on or about August 8, 1958, Daly received certain injuries in the course of his employment; that thereafter certain negotiations occurred between Daly's lawyers and representatives of the defendant, directed to the possibility of a settlement by Daly for the injuries he claimed to have sustained. Defendant disclaimed knowledge or information sufficient to form a belief as to whether plaintiff is the properly appointed representative of the estate and put plaintiff on proof thereof; it denied that plaintiff is properly authorized or accredited to begin or maintain this action.

The case was tried without a jury, and the court found among other things that negotiations were had between plaintiff's attorneys and defendant which culminated in a settlement agreement on February 3, 1960, in the amount of $19,500; that plaintiff is the duly acting and qualified representative of decedent's estate and as such representative she brought this action for and in behalf of the estate. The court also found that there is now and has existed since February 3, 1960, a contract between decedent and defendant and that although demand has been duly made, nothing has been paid. It concluded that plaintiff is entitled to judgment against the defendant for $19,500 with interest at 6 percent from February 3, 1960. Judgment was entered accordingly but the court vacated the judgment in order that defendant might make a motion for amended findings or, in the alternative, for a new trial. Defendant thereafter made such motion; after a hearing the court denied the motion and this appeal was taken from that order.

Defendant argues on appeal that there is no dispute as to the controlling facts that on or about February 1, 1960, Daly indicated to his attorneys, orally, that he would accept $19,500 in settlement of his tort claim against the defendant, and the latter indicated its willingness, orally, to pay that amount *upon receipt of and in consideration for a release* executed by Daly. Defendant contends that because of the death of Daly no release was ever tendered for his tort claim but that in this action in *contract* plaintiff is now seeking to enforce what she alleges to be a binding agreement and to require the defendant to satisfy her *contract* claim.

In discussing what legal "stage" had been reached, defendant argues that although a compromise figure of $19,500 had been orally agreed upon, no money had been paid by defendant, no release had been tendered by plaintiff, and the negotiations constituted an accord without satisfaction or an executory accord.

Defendant reasons that in many of the cases dealing with the enforcibility of an executory accord a debtor is asserting such an accord as a defense to a claimant's suit on the original obligation; that in the instant case this situation is reversed, in that the claimant (Daly) is trying to enforce the accord but the debtor (railway) is denying its enforcibility. It argues that since it has been held that in the first situation the accord is unenforcible it should be unenforcible here; "the promise of both parties is binding or neither is binding," citing Noreen v. Park Const. Co. 255 Minn. 187, 193, 96 N. W. (2d) 33, 37. The defendant contends that this principle of mutuality means that if an executory accord is unenforcible as a defense to a creditor's suit on the original obligation, then the debtor can also renounce the accord before satisfaction.

Defendant argues that there is a total failure of consideration, which allows it to rescind the contract; that the death of Daly prior to the exchange of his release for the railway draft made it impossible for him to perform according to the original agreement; and that the contract is, therefore, unenforcible. Defendant also contends that the death of Daly discharged the contract and that a release signed by anyone else would be valueless to the defendant. It agrees that a release from Daly's representative would be binding but asserts that none was ever

tendered and that, inasmuch as Daly had no dependents surviving him, the value of such a release would be little more than nominal.

Plaintiff claims, however, that an action lies against the defendant for breach of the compromise agreement; that the parties entered into an agreement settling Daly's cause of action and that defendant breached this contract around the middle of February 1960. Plaintiff reasons that the agreement was simply one by the defendant to pay $19,500 for Daly's cause of action under the Federal Employers' Liability Act. She contends that decedent Daly had no personal services to perform that could not be performed by his personal representative to carry out the bargain of the parties; that when she, as personal representative, signed the release papers defendant would receive just what it bargained for in the agreement—to be relieved of the liability and obligations of Daly's cause of action, not his personal signature.

As we view it, the principal contention of the defendant in this court is that an executory accord is not enforcible under the circumstances here. It argues that an accord is not binding on a creditor before there is actual satisfaction and that the creditor is therefore free to disregard the accord and sue on the original obligation, citing Hoxsie v. Empire Lbr. Co. 41 Minn. 548, 43 N. W. 476, and that the principle of mutuality of obligation requires that the debtor should also be able to disaffirm the executory accord.

An accord is executory so long as something remains to be done in the future. 1 C. J. S., Accord and Satisfaction, § 37. An action will lie, however, for the breach of an executory accord. 1 Dunnell, Dig. (3 ed.) § 35.

The Hoxsie case held that an accord without satisfaction is no defense. This is distinguishable from the instant case, for here it is the creditor who is suing on the accord. Under Minnesota law, this is permissible. In Neibles v. Minneapolis & St. L. Ry. Co. 37 Minn. 151, 33 N. W. 332, a horse worth $90 was negligently killed by defendant. The parties reached an accord that defendant should pay plaintiff $62.50 as damages, but defendant later refused to perform. This court affirmed a judgment for the plaintiff for breach of the accord, stating that the unliquidated nature of the obligation supplied the consideration for the new contract.

Again, in Sunset Orchard Land Co. v. Sherman Nursery Co. 121 Minn. 5, 140 N. W. 112, we held that the creditor was entitled to recover the amount agreed upon in an accord which settled a bona fide dispute between the parties.

This view agrees with that stated in Restatement, Contracts, § 417(c), governing executory accords:

"If the debtor breaks such a contract the creditor has alternative rights. He can enforce either the original duty or the subsequent contract."

See, also, Gold, *Executory Accords*, 21 Boston U. L. Rev. 465, 485, where it is stated that an accord "has all the legal consequences of a contract, except for that ancient relic, the rule that an executory accord cannot be relied upon as a defense."

Defendant's argument based upon mutuality of obligation is without force, because it, as the debtor, also has rights under the executory accord. This is illustrated in Schweider v. Lang, 29 Minn. 254, 13 N. W. 33, where a debtor was allowed damages when his creditor refused to comply with an executory accord between them. See, Restatement, Contracts, § 417(d).

It is our opinion that there was evidence to sustain the findings of the trial court that a contract had existed between decedent and defendant since February 3, 1960. The consideration which defendant receives under this contract is a defense to any suit on the original tort. See, Dieudonne v. Arco Co. 139 Minn. 441, 166 N. W. 1067. The accord contemplated that a formal release be executed, but this is unnecessary under Minnesota law. When the defendant pays the amount due under its contract of February 3, 1960, it will be automatically released of both Daly's cause of action and any cause of action that his estate might claim to have. There is ample authority that the payment of an accord automatically discharges all liability on the original liability.[1] The fear of the defendant that it might be held

---

[1] Sonnenberg v. Riedel, 16 Minn. 72 (83); Mason v. Campbell, 27 Minn. 54, 6 N. W. 405; Rice v. London & Northwest American Mortgage Co. 70 Minn. 77, 72 N. W. 826; Wilkinson v. City of Crookston, 75 Minn. 184, 77 N. W. 797; Jordan v. G. N. Ry. Co. 80 Minn. 405, 83 N. W. 391;

liable on the original tort as well as on the accord is therefore unfounded.

As to defendant's claim that the trial court erred in failing to answer specific questions propounded in defendant's motion for amended findings, we find no reversible error.

The order of the trial court is affirmed.

Affirmed.

---

Fidelity & Cas. Co. v. Gillette-Herzog Mfg. Co. 92 Minn. 274, 99 N. W. 1123; Balch v. Grove, 98 Minn. 259, 108 N. W. 807; Restatement, Contracts, § 417(b).