# DON KRAL INCORPORATED v. CARL E. LINDSTROM AND OTHERS.

173 N. W. (2d) 921.

January 16, 1970—No. 41881.

*Edward M. Cohen,* for appellant.

*R. P. Harriman,* for respondent.

Heard before Knutson, C. J., and Nelson, Murphy, Peterson, and Graff, JJ.

NELSON, JUSTICE.

This is an appeal from a municipal court judgment for $1,250 in favor of plaintiff, Don Kral Incorporated. Plaintiff brought the action to recover the amount still due it for work on the residence of defendant Carl E. Lindstrom. Defendants Richard and Joan Burton filed no answer. Defendant Lindstrom asserted as a defense an accord and satisfaction. The trial court found, however, that plaintiff was entitled to judgment against all of the defendants for $1,250.

The parties stipulated as to the facts. Plaintiff is a masonry contractor who did work on the home of defendant Lindstrom in October 1960 and in the spring of 1961. Defendants Burton were the general contractors doing the work on defendant Lindstrom's residence. Kral, a subcontractor, during 1960 and 1961 did work on the Lindstrom residence worth $2,400. Lindstrom paid that amount to the Burtons, but they paid Kral only $1,200.

When Kral did not receive payment of the balance due, it filed a mechanics lien against defendant Lindstrom's property in the spring of 1961. In addition to the Burtons' asking Kral to do masonry work on the Lindstrom home, defendant Lindstrom also requested Kral to do some work.

In May 1962, when the mechanics lien came up for foreclosure, Lindstrom assigned to Kral a mortgage and note for $1,250 in return for a lien waiver in the amount of $1,200. The mortgage and note had been executed by the Burtons, who since have filed bankruptcy.

On this appeal, as in the trial court, the only issue is whether an accord and satisfaction was reached between plaintiff and defendant Lindstrom, thereby discharging Lindstrom from all liability for labor and material furnished by plaintiff.

■ An "accord and satisfaction" is a method of discharging a contract, the accord being a contract between the creditor and the debtor for settlement of the claim by some performance other than that which is due, and the satisfaction being the execution or performance of the accord. See, 1 Am. Jur. (2d) Accord and Satisfaction, § 1. An enforceable accord and satisfaction may arise when a creditor accepts part payment of an unliquidated debt which the debtor tenders in full satisfaction of the debt, or when the debtor offers to pay a definite amount or provide a different performance in settlement of a liquidated or undisputed debt and the creditor accepts that offer. Butch Levy Plumbing & Heating, Inc. v. Sallblad, 267 Minn. 283, 126 N. W. (2d) 380. An executory accord is an agreement for the future discharge of an existing claim by a substituted performance. Daly v. Chicago & N. W. Ry. Co. 262 Minn. 351, 114 N. W. (2d) 682, 94 A. L. R. (2d) 499; 1 C. J. S., Accord and Satisfaction, § 37.

■ If the accord constitutes a binding contract and it is fully performed, the original liability is discharged. Burleson v. Langdon, 174 Minn. 264, 219 N. W. 155; Restatement, Contracts, § 417. On the other hand, where the accord is not fully performed, the original claim is not satisfied and the accord does

not constitute a defense to an action based on the original claim. Restatement, Contracts, § 417; 1 Am. Jur. (2d) Accord and Satisfaction, § 47.

■ The rule that an accord in the form of a new promise, if unexecuted, does not operate as a satisfaction, is subject to an important qualification. When the parties agree that the promise itself will constitute satisfaction of the prior debt, and the new agreement is based on sufficient consideration and is accepted in satisfaction, then it discharges the original claim and is a defense to an action based upon such claim. Ward v. Allen, 138 Minn. 1, 163 N. W. 749; Burleson v. Langdon, *supra;* 1A Dunnell, Dig. (3 ed.) § 34.

The instant controversy centers around the issue of whether the agreement to assign the note and mortgage in return for the mechanics lien waiver was intended by the parties to constitute satisfaction of the accord, or whether they intended satisfaction of the debt only upon payment of the note. If the parties intended the former, then a valid accord and satisfaction was consummated, and plaintiff would be left to pursue its remedy on the mortgage note and not on the original obligation. Restatement, Contracts, § 417. If, however, the parties intended satisfaction to occur only when the obligation under the note was performed, then, since payment on the note was never made, the accord was never executed. In this regard, it is important to determine whether or not a contractual relationship ever existed between plaintiff and defendant Lindstrom for purposes of determining the extent of the original obligation between the two. The trial court's second finding of fact indicates that plaintiff did some work on Lindstrom's residence at his request. There was no evidence in the record of any contractual relationship, but the stipulated facts indicate that Lindstrom also asked plaintiff to do some work on the residence being built.

The giving by a debtor of his note or the note of a third person to a creditor constitutes satisfaction of a prior debt only if the creditor agrees to receive the note as absolute payment and run

the risk of its being paid. The burden of establishing that it was so received is on the debtor, who must prove there was an express agreement that the note was taken absolutely as payment. See, Hirleman v. Nickels, 193 Minn. 51, 258 N. W. 13; Grady v. Pink Hill Bank & Trust Co. 184 N. C. 158, 113 S. E. 667, 28 A. L. R. 660; Maryland Cas. Co. v. Cushing (7 Cir.) 171 F. (2d) 257; F. D. Cline Paving Co. v. Southland Speedways, Inc. 250 N. C. 358, 108 S. E. (2d) 641; Lindberg v. Ferguson Trucking Co. 74 N. Mex. 246, 392 P. (2d) 586. The justification for this rule, which amounts to a presumption that the parties contemplated performance of the accord as satisfaction, is that it is not a probable inference that a creditor intends merely an exchange of his present cause of action for another. It is more reasonable to assume that he surrendered his old right only in exchange for performance of the new contract of accord. See, 6 Williston, Contracts (Rev. ed.) § 1847.

The case of Porter v. Berwyn Fuel & Feed Co. Inc. 244 Md. 629, 224 A. (2d) 662, is similar to the instant case. There, the defendant subcontractor had maintained an open account with the plaintiff for building materials used by defendant in his business. The third-party defendants, who were prime contractors, became indebted to defendant for work done and materials supplied, and, as a consequence thereof, assigned certain funds that were expected to become available to third-party defendants from construction loan draws or from the sale of houses constructed in the real estate development upon which the parties were working. The defendant thereafter reassigned the assignment to the plaintiff. The court held that the reassignment did not constitute an accord and satisfaction of the amount due on open account, saying that in order for a new agreement to constitute a satisfaction the parties must have intended the new promise itself to be in full settlement of the original claim. Thus, although an accord was in existence, the court found no satisfaction.

There is no evidence of an agreement on the part of plaintiff in the instant case to accept the assignment of the note and mortgage as satisfaction of its prior claim. Certainly the lien waiver was not an acknowledgment by plaintiff that it had received payment in full for supplies and work done. Rather, the instrument was intended only as a lien waiver. See, Butch Levy Plumbing & Heating, Inc. v. Sallblad, *supra*; see, also, Grady v. Pink Hill Bank & Trust Co. *supra*, where a receipt in full for a note did not establish an agreement on the part of the creditor to accept the note of a third person as absolute payment. If anything, the assignment in the instant case should be viewed as an instrument in the nature of a security agreement rather than as an accord and satisfaction.

■ The function of a court of review is not to weigh the evidence as if trying the matter de novo, but to determine from an examination of the record if the evidence as a whole sustains the trial court's findings, and if it does so, it is immaterial that the record might also provide a reasonable basis for inferences and findings to the contrary. Furthermore, in considering the weight and sufficiency of the evidence, it is unnecessary for an appellate court to detail the evidence in order to demonstrate the absolute correctness of the trial court's findings of fact. See, 1B Dunnell, Dig. (3 ed.) § 414, and cases cited under notes 9 to 14; Carver v. Bagley, 79 Minn. 114, 81 N. W. 757; State, by Peterson, v. Bentley, 245 Minn. 334, 71 N. W. (2d) 780.

It is our conclusion, based upon the record herein, that the findings and conclusions of the trial court must stand.

Affirmed.