## CRAWFORD DOOR SALES CO. v. JOHN CROSS AND OTHERS.

223 N. W. 2d 395.

November 1, 1974—No. 44452.

*Michael J. Priestley,* for appellant.
*Cox & King* and *Leo G. Stern,* for respondents.

OTIS, JUSTICE.

This is an action brought by plaintiff, Crawford Door Sales Company, against John Cross and Oliver Ogdahl, as individuals, Cross Companies, and Southridge, Inc., to recover the sum of $5,814 for garage doors furnished Southridge, Inc., by plaintiff in the construction of a 402-apartment complex. The trial court held that as to John Cross individually and Cross Companies[1] plaintiff had reached an accord and satisfaction but entered judgment in the sum of $5,814 against Southridge.[2] Plaintiff

---

[1] Cross Companies was a name used by John Cross in some of his business transactions and is synonymous with Cross.

[2] Although the record is silent as to the financial status of Southridge, the inference is inescapable that it is not responsive to damages.

appeals from that judgment. We reverse and remand for a new trial.

In the year 1969, John Cross, a contractor, negotiated with plaintiff to furnish garage doors for the construction of an apartment complex by Southridge, Inc., of which Cross was secretary-treasurer. During the following 3 years, plaintiff billed John Cross personally with invoices which made no mention of Southridge. Those invoices, however, were paid by checks issued on the corporation. Nevertheless, during that period Cross at no time complained of being personally billed for the material.

On May 8, 1972, Cross' comptroller sent the following letter to Crawford:

"Enclosed is a check for $888.85 paying all of Cross Company accounts in full.

"The balance of this account ($3,954.00) is to be billed to Southridge, Inc. as your contract reads. Please make up a new statement to Southridge, Inc. for this amount."

Plaintiff accepted and negotiated the check for $888.85. At the time of trial, plaintiff claimed that Cross owed plaintiff a balance of $5,814 and brought this action to recover that amount.

Cross' answer was a general denial which made no reference to the defense of accord and satisfaction. That issue was first raised at the time of trial. Plaintiff claims surprise and complains that the failure to plead that defense affirmatively as required by Rule 8.04, Rules of Civil Procedure, deprived plaintiff of an opportunity to call Cross for cross-examination under the statute. The trial court, however, was of the opinion that the matter was litigated by consent and that plaintiff waived objection under Rule 15.02.

The trial court held that plaintiff's retention of the $888.85 tendered in full settlement of plaintiff's claim was an acceptance of the offer and constituted a mutual agreement to compromise, citing Winter Wolff & Co. v. Co-op Lead & Chemical Co. 261 Minn. 199, 111 N. W. 2d 461 (1961); and Butch Levy Plumbing

& Heating, Inc. v. Sallblad, 267 Minn. 283, 126 N. W. 2d 380 (1964).

Winter Wolff may be distinguished in two respects. First, we there stated: "That a dispute existed between the parties as to the amount due on the part of the contract that was performed can hardly be open to question." 261 Minn. 203, 111 N. W. 2d 464. In the instant case, on the other hand, defendant Cross did not dispute the fact he owed plaintiff the $888.85 and that it was for material purchased by him for purposes totally unrelated to the Southridge project. Second, we said in Winter Wolff that the trial court there correctly held the "account was an unliquidated indebtedness." 261 Minn. 205, 111 N. W. 2d 465. Our further discussion concerning the law governing liquidated claims was not necessary for decision.

The decisive issue in the case at hand is whether the parties mutually agreed to compromise a disputed claim. Don Kral Inc. v. Lindstrom, 286 Minn. 37, 41, 173 N. W. 2d 921, 924 (1970). It is true that under some circumstances the acceptance of a check tendered in full payment may constitute an accord and satisfaction. We do not suggest that upon a retrial there is not the possibility that the court will find an accord and satisfaction was intended. We hold only that on the record before us there is inadequate evidence of a mutual agreement to compromise a disputed claim such as we held necessary in Butch Levy Plumbing & Heating, Inc. v. Sallblad, 267 Minn. 283, 291, 126 N. W. 2d 380, 385 (1964). As we have indicated, accord and satisfaction was not pleaded, there was no claim by Cross that the amount he owed Crawford was in dispute, and we find no evidence of an agreement to compromise a dispute other than the acceptance of the check, which we hold on this record was inadequate to constitute an accord and satisfaction.

The principal issues to be litigated upon a retrial are (1) whether in furnishing material for use in the Southridge complex plaintiff was extending credit to Cross or to Southridge; (2) whether there was a genuine dispute to be compromised;

(3) whether there was sufficient evidence of a mutual agreement to settle a disputed claim; and (4) if the court finds no accord and satisfaction, the court will determine what part, if any, of the $5,814 is the result of charges against, or credits in favor of, Cross or Southridge which may have occurred after Crawford received the notice of May 8, 1972.

Reversed and remanded for a new trial.

MR. JUSTICE KNUTSON took no part in the consideration or decision of this case.