BURMEISTER ELECTRIC COMPANY v.
MARLIN LEE AND ANOTHER.

226 N. W. 2d 320.

February 14, 1975—No. 44819.

*O'Connor & Hannan, Thomas A. Keller III, James R. Dorsey,* and *Michael M. Whalen,* for appellant.

*Bergman, Knutson, Street & Ulmen* and *Thomas L. Ulmen,* for respondent.

Heard before Peterson, Todd, and Scott, JJ., and considered and decided by the court en banc.

PER CURIAM.

Defendant Marlin Lee appeals from an order of the district court denying his motion for a new trial or, in the alternative, for an order amending the findings of fact and conclusions of law; and from the court's order for an interlocutory judgment compelling appellant to convey to plaintiff certain real estate. We affirm.

Appellant had built the building in question for plaintiff on a lease purchase agreement and contends that certain letters exchanged be-

tween the parties modified the original agreement so as to prevent its enforcement by plaintiff.

A detailed statement of the facts is not necessary to our disposition of the matter. Essentially, appellant contends that the letters exchanged between the parties created a new agreement which modified and terminated the original lease purchase agreement as a matter of law. The trial court found from the evidence that the original agreement was not terminated by the letters, and there is substantial evidence in the record to sustain the findings of the trial court.

Disposition of such an issue is governed by the oft-repeated rule summarized by our court in Don Kral Inc. v. Lindstrom, 286 Minn. 37, 42, 173 N. W. 2d 921, 924 (1970), where we said:

"The function of a court of review is not to weigh the evidence as if trying the matter de novo, but to determine from an examination of the record if the evidence as a whole sustains the trial court's findings, and if it does so, it is immaterial that the record might also provide a reasonable basis for inferences and findings to the contrary. Furthermore, in considering the weight and sufficiency of the evidence, it is unnecessary for an appellate court to detail the evidence in order to demonstrate the absolute correctness of the trial court's findings of fact."

Affirmed.