**T.B.M. PROPERTIES, a partnership of William Fitzgerald, et al., Appellant,**

v.

**ARCON CORPORATION, Respondent.**

No. C2–83–1827.

Court of Appeals of Minnesota.

March 28, 1984.

Richard Bins, Rochester, for appellant.

William Erhart, Anoka, for respondent.

Heard, considered and decided by FOLEY, P.J., and WOZNIAK and SEDGWICK, JJ.

## OPINION

WOZNIAK, Judge.

This is an appeal by plaintiff, T.B.M. Properties (T.B.M.), from an Olmsted County District Court judgment granting summary judgment to defendant, Arcon Corporation (Arcon). We affirm.

## FACTS

In the spring of 1979, Arcon moved into a commercial building which T.B.M. purchased about one year later. Shortly thereafter, Malone, a partner of T.B.M., executed a written lease with Arcon.

Arcon contends that it agreed to a one-year lease with an option for an additional six months. T.B.M. contends that an 18-month lease was agreed upon.

The lease agreement calls for a total of $14,877.00 to be paid in monthly installments of $1,239.75 from April 1, 1980 to September 1, 1981. It also requires Arcon to pay a proportional share of the utilities.

Consistent with its contention that it was only obligated to one year under the lease, approximately ten months into the lease Arcon notified Malone of its intention to vacate the premises in two months.

Malone warned Arcon that it would be breaching the lease agreement if it vacated before 18 months expired. Despite this warning, Arcon moved out after one year.

After vacating the premises, Arcon sent a check to T.B.M. which included a notation stating "Final Payment for Rent Owed T.B.M. Now or Forever." T.B.M. accepted the check, scratched out the notation with a pen, and negotiated the check. With the negotiation of this check, the full amount called for under the lease, $14,877, had been paid. Arcon had also paid in full its proportional share of the utilities for the full year.

T.B.M. commenced an action in Olmstead County District Court against Arcon for breach of lease agreement. Arcon claimed the defense of accord and satisfaction and moved for summary judgment. The motion was granted. T.B.M. appeals.

## ISSUE

Did the trial court err in finding sufficient evidence of an accord and satisfaction?

## ANALYSIS

■ An accord and satisfaction is a defense to a contract action when payment, in the form of a check, is offered in full satisfaction of a debt, retained and negotiated by a creditor who has knowledge of all the facts. It does not matter whether the debt is disputed. *Winter Wolff & Co. v. Co-op Lead & Chem. Co.*, 261 Minn. 199, 111 N.W.2d 461 (1962).

■ As a general rule, there are two courses open to a creditor who receives a check sent on the condition that it be accepted in full payment of a disputed claim. The creditor must either decline the offer and return the check or accept it with the condition attached. Erasing or scratching out the words "Full Payment for Rent Owed T.B.M. Now or Forever" without the knowledge or consent of the other party has no effect. The moment the creditor endorses and collects the check, knowing it was offered only on condition, he thereby agrees to the condition and is estopped from denying the agreement. *Id.*

T.B.M. relies on *Crawford Door Sales Co. v. Cross*, 302 Minn. 31, 223 N.W.2d 395 (1974). Twice in the brief *Crawford* opinion, the Supreme Court admonished that its holding applies only to the record before it. 302 Minn. at 33, 223 N.W.2d at 397.

T.B.M. argues that the facts are "identical" to those in *Crawford* and to hold otherwise would encourage "sharp business practices." The facts of *Crawford* are distinguishable. Furthermore, there is nothing "sharp" about tendering a check conditioned on full settlement which will fully satisfy the entire rental amount due under the contract.

The essential dispute in *Crawford* was not how much was owed, but which *entity* was liable. That is not in dispute here. The *Crawford* court distinguished *Winter Wolff* on two grounds. First, in *Winter Wolff* there was a clear dispute between the parties as to any indebtedness. Sec-

ond, the amount of indebtedness was clearly disputed.

This case is distinguishable on those same grounds. Here, there is a clear dispute between the parties whether Arcon is obligated to pay a proportional amount of the utility costs for 12 months or for 18 months. Since this amount was not and could not be known when Arcon vacated the premises after 12 months, the amount clearly was disputed.

Since *Crawford* has been confined to its specific facts, and the facts at bar are distinguishable, the general rule of *Winter Wolff* applies.

## DECISION

T.B.M. was fully cognizant of the dispute with Arcon as to the length of the lease and the liability of a proportional amount of utilities. T.B.M. accepted and negotiated a check tendered by Arcon conditioned on payment in full, and scratched out the words "Final Payment for Rent Owed T.B.M. Now or Forever" without Arcon's consent.

The trial court did not err in finding an accord and satisfaction.

Affirmed.