TWIN CITY HIDE, Appellant,

v.

TRANSAMERICA INSURANCE COMPANY, Respondent.

No. C8–84–336.

Court of Appeals of Minnesota.

Nov. 13, 1984.

David L. Black, Stacker & Ravich, Minneapolis, for appellant.

Hugh Cosgrove, Cosgrove & Hanson, Minneapolis, for respondent.

Heard, considered, and decided by WOZNIAK, P.J., and FORSBERG and LESLIE, JJ.

## OPINION

WOZNIAK, Judge.

This is an appeal from a judgment denying appellant Twin City Hide recovery under an "all risk" insurance policy. We affirm.

## FACTS

Twin City Hide is a cattle hide tanning factory in South St. Paul. The factory and its contents were insured under an "all risk" insurance policy issued by Transamerica through its agent, Dan Schneeman.

On February 18, 1982, a water leak was discovered in the factory roof. Twin City Hide notified Transamerica; an adjuster went out to the factory to investigate. The adjuster reported an 8' × 6' corrugated section of the steel roof had rusted out, thereby causing the leak. He could not tell at that time whether any of the hides had been damaged.

Agent Schneeman was also contacted and he allegedly assured Twin City Hide that the damages resulting from the roof leak were covered under the policy. Schneeman was unavailable to testify at trial.

Defective hides were discovered later, after the hides arrived at their destinations:

Japan, Korea, and Italy. Twin City Hide then sent its president to Japan to settle with the unsatisfied customer.

At trial, Twin City Hide claimed over $60,000 in damages. The court concluded that all damages were specifically excluded by the language of the insurance policy.

## ISSUES

1. Did the trial court err in concluding that all damages were specifically excluded by the language of the insurance policy?

2. Did the trial court err in concluding that Transamerica was not bound by the representations of its agent?

3. Did the trial court err in concluding that the insurance policy was unambiguous and as such was not subject to interpretation?

## ANALYSIS

1. Appellant argues that the trial court erred in concluding that the damages to the building, the damages to the hides, and the cost of Twin City Hide's president's trip to Japan were not covered under the Transamerica insurance policy.

█ The function of a reviewing court is not to weigh the evidence as if trying the matter de novo, but rather to determine if the evidence as a whole sustains the trial court's findings. *Haas v. Harris*, 347 N.W.2d 838 (Minn.Ct.App.1984) (citing *Don Kral, Inc. v. Lindstrom*, 286 Minn. 37, 173 N.W.2d 921 (1970)).

### The Building

The trial court concluded that the hole in the roof was caused by rust and deterioration. This sort of damage to the roof is clearly excluded by Exclusion VI(e) of the policy, which excludes loss caused by "wear and tear, deterioration, rust or corrosion, mold, wet or dry rot * * *."

Twin City Hide claims that an accumulation of ice and snow on the roof caused the entry of water, and therefore the loss is covered by the policy.

█ The evidence as a whole sustains the trial court's conclusion. The insurance adjuster testified that the water leak was caused by rust and corrosion. A Twin City Hide executive testified that the repair of the roof was for deteriorated metal. Finally, the repair bill described the problem as deterioration.

### The Hides

The trial court ruled that the damage to the hides was caused by rotting. Provision VIa(7) of the policy specifically excludes loss caused by "rust, mold, wet or dry rot, and contamination * * *."

Three different surveyors who examined the three shipments overseas (Japan, Korea, Italy) concluded that the loss was from rotting, and that the cause was something that occurred prior to curing. Twin City Hide contends that the damage resulted from the water leak, a post-curing event, and consequently was within the policy coverage.

█ Twin City Hide's claim is without merit. Even if some damage to the hides was due to water drip and did not happen before curing, the damage was nevertheless caused by "rotting" and was excluded under the policy.

### The Trip to Japan

The third element of Twin City Hide's claim of coverage relates to the expenses incurred by its president in traveling to Japan. The trip was made to attempt settlement of the claim, to maintain the Japanese customer's goodwill, and to sell additional hides.

█ These expenses are clearly excluded by the provision in the policy which excludes coverage for consequential loss of any nature. Provision 6(a)(6) excludes:

Delay, loss of market, interruption of business, nor consequential loss of any nature.

2. Twin City Hide argues that Transamerica should be bound by the representations of its agent, Dan Schneeman. In essence, Twin City Hide is claiming that

Transamerica should be estopped from denying coverage based upon the policy exclusions.

 At trial there was some dispute as to what Schneeman told Twin City Hide. Twin City Hide claimed Schneeman represented that the factory was totally covered for any loss. A Twin City Hide executive testified, however, that Schneeman may have said that "he thought they were covered." Regardless of what Schneeman did or did not say, these representations were made after the fact. They were made after the loss occurred. Twin City Hide cannot be said to have detrimentally relied on these representations. Thus, the equitable doctrine of estoppel is not applicable.

 Furthermore, the general rule in Minnesota is that the doctrine of estoppel may not be used to enlarge an insurance contract, as was pointed out in *Shannon v. Great American Insurance Company,* 276 N.W.2d 77 (Minn.1979):

> The trial court was correct in its refusal to expand the coverage in excess of the stated limits of an unambiguous insurance contract. The doctrine of estoppel may not be used to enlarge the coverage of an insurance policy.

*Id.* at 78.

3. Twin City Hide argues that the insurance contract must be interpreted in light of the insured's reasonable expectations. The company claims that, since it purchased an "all risk" insurance policy, its reasonable expectations were of complete coverage for any and all losses.

The Minnesota Supreme Court has consistently held that interpretation of an insurance contract is not allowed if the contract is unambiguous.

In *Simon v. Milwaukee Automobile Mutual Insurance Company,* 262 Minn. 378, 115 N.W.2d 40 (1962), the court held:

> Where the insurance contract is unambiguous, the language used must be given its ordinary and usual meaning, the same as any other contract, and we have no more right to redraft an insurance contract under the guise of strict construction to reach a result that we would prefer than we have to redraft any other contract.

*Id.* at 385, 115 N.W.2d at 45.

 This insurance policy is not ambiguous. The language is clear—the print is not fine. The policy is not subject to interpretation.

### DECISION

Damages sustained by a hide tanning factory caused by a leaking roof were not covered under an "all risk" insurance policy.

 After-the-fact representations of coverage did not invoke the equitable doctrine of estoppel. Further, estoppel could not be used to expand the coverage in excess of the stated limits of the insurance contract.

The insurance policy was unambiguous, and therefore not subject to interpretation.

Affirmed.